Ruth GREENE, Administratrix of the Estate of LeRoy Glenn Potter, Jr., Deceased, Plaintiff,

v.

John L. KITNER, Defendant.

Civ. A. No. 10001.

United States District Court
M. D. Pennsylvania.

Feb. 23, 1968.

Hurwitz, Klein, Benjamin & Brown, Harrisburg, Pa., for plaintiff.

Metzger, Wickersham & Knauss, Harrisburg, Pa., for defendant.

## MEMORANDUM

FOLLMER, District Judge.

This matter is presently before the court on motion of defendant, John L. Kitner, to bring in John W. Bailor and Mary M. Bailor, individually and trading as Bailor's Inn, as third-party defendants, and motion of plaintiff in opposition to third-party joinder.

This litigation arises out of a one vehicle automobile accident which occurred on July 9, 1966, at or about 3:30 A.M., on Legislative Route 50002 near Newport, Perry County, Pennsylvania. Defendant Kitner was operating a 1955 Dodge Sedan, owned by his father, Lester A. Kitner, with his father's permission.

The deposition of defendant Kitner was taken, written briefs were furnished and oral argument on the motions was held. It would appear that the parties are in agreement on the following facts:

Kitner and decedent, Potter, both eighteen years of age at the time of the accident, met by chance at a carnival at Newport, Pennsylvania, on the evening of July 8, 1966. The boys decided to go to a splash party in New Bloomfield, about six miles distant from Newport. They arrived at the splash party at about 8:00 P.M. and remained there until 11:00 P.M. Following their departure from the splash party the boys went to a parking lot where they each drank a can and a half of beer. They left the parking lot and drove to Bailor's Tavern, near New Bloomfield, where they arrived about 11:45 P.M. and stayed there for about an hour and a quarter. During this period of time both Kitner and Potter had approximately four or five bottles of beer. They departed about 1:15 A.M.

During the hour or more after they left the tavern and until the time of the accident they drove about forty miles. During this time Kitner on several occasions asked Potter if he could not find someone to take him home. Potter replied that there was no other way for him to get home. Kitner said several times that he was tired, but agreed to take Potter home. It would seem that Kitner fell asleep at the wheel and left the highway, going through a guardrail and down an embankment on the left side of the road. It also appears that Kitner had put in a

long day having helped his father sawing wood from about 6:00 A.M. until about 4:00 P.M. without having any rest before going out in the evening prior to the accident.

Defendant contends that plaintiff is entitled to no recovery for the death of plaintiff's decedent in view of the fact that plaintiff's decedent assumed the risk of getting into an accident by riding with a driver who was under the influence of intoxicating beverages and not fit to operate an automobile.

In his deposition Kitner indicated that just immediately prior to the accident he became drowsy and he felt that the drinking may have contributed to this. Having in mind the hard day's work behind him, he was fully aware that he had become tired but he had evaluated his condition as being sufficiently good to permit him to drive decedent the two and one-half miles required to take decedent home.

Both parties cite Fisher v. Dye, 386 Pa. 141, 125 A.2d 472 (1956), which held, in essence, that proof of intoxication is relevant where reckless or careless driving of an automobile is the matter at issue, however, the mere fact of drinking intoxicating liquor is not admissible, being unfairly prejudicial, unless it reasonably establishes a degree of intoxication which proves unfitness to drive.

Defendant further argues that under the substantive law of Pennsylvania a tavern can be held liable to third persons if the injuries or damages suffered by the third persons were the proximate result of the tavern's illegal sale of intoxicating beverages, and concludes that if a tavern can be made a defendant in an action based upon its sale of intoxicating beverages, there is no reason why the tavern cannot be brought into the case as an additional defendant, here third-party defendant, based on the same reason. Defendant cites Jardine v. Upper Darby Lodge No. 1973, 413 Pa. 626, 198 A.2d 550 (1964).

3 Moore's Federal Practice ¶ 14.05(1) states, inter alia: "from the very first, the granting of the motion to implead an additional party was considered to rest in the sound discretion of the court."

Having in mind the formula set down in Fisher, supra, it would seem to be implicit that once the question of drinking has been raised the court should make a determination of the extent thereof and whether the same had reached the state of intoxication which would prove unfitness to drive and then under proper instruction the matter should be left to the jury for its determination. At the preliminary hearing the court might be convinced that the alleged drinking had not reached the state of intoxication which would prove unfitness to drive. Under those circumstances the presence of the third-party defendant tavern keeper would be definitely prejudicial.

I am fully aware of the scope and purpose of Rule 14 of the Federal Rules of Civil Procedure, and ordinarily the motion to bring in a third-party defendant is granted as a matter of course. I feel the situation is different here and if granted, might, as above indicated, prove to be highly prejudicial to plaintiff.

Accordingly, the motion of defendant to bring in third-party defendant will be denied, and the motion of plaintiff in opposition to third-party joinder will be granted.