## Fisher, Appellant, *v.* Dye.

142

Argued May 22, 1956. Before STERN, C. J., JONES, BELL, CHIDSEY and ARNOLD, JJ.

W. E. Shissler, with him James H. Stewart, Jr., and Nauman, Smith, Shissler & Hall, for Vincent J. Fisher.

James K. Thomas, with him Arthur H. Hull, and Hull, Leiby & Metzger, for Allen J. Dye.

Macey E. Klein, with him Solomon Hurwitz, Irwin Benjamin, and Hurwitz, Klein, Meyers & Benjamin, for Allen J. Dye, Administrator.

OPINION BY MR. CHIEF JUSTICE HORACE STERN, September 24, 1956:

Following the not unusual pattern in automobile collision cases the stories told by the parties here involved are hopelessly at variance with one another. According to Vincent G. Fisher, he was operating a Mercury Coupe on May 3, 1953, at about 2:15 A.M. eastwardly on Route 22 (Jonestown Road) near Harrisburg; as he approached 39th Street a Dodge Sedan driven by Allen J. Dye in which his wife Leticia M. Dye was a passenger, and which had been proceeding westwardly on Route 22, made a diagonal left-hand turn into 39th Street when Fisher was only 10 to 30 feet away and without Dye having given any warning of his intention so to do; although Fisher tried to apply his brakes he was unable to avoid the collision. Dye's story, on the other hand, was that he stopped briefly at the 39th Street intersection before turning; he signalled his intention to turn, looked to the west and, seeing no car approaching within a distance of up to 700 feet, he then proceeded, with the result that his car was struck after its front wheels had already passed the south edge of the pavement of the eastbound lane and were on the berm of the road.

Fisher instituted suit against Dye to recover for the damage to his car and for personal injuries. Dye, both in his own right and as administrator of the estate of his wife who had been killed in the collision, filed a cross suit against Fisher, seeking recovery for property damages and for personal injuries and, as administrator, for damages under the Wrongful Death Act of April 15, 1851, P. L. 669, Section 19, as amended, and the Survival Act of July 2, 1937, P. L. 2755, Section 2, re-enacted in the Fiduciaries Act of April 18, 1949, P. L. 512, Sections 601, 603. The suit of Dye in his own right was severed from his suit as administrator and he was joined as an additional defendant in the action

brought by him as the administrator of his wife's estate. The three actions were then consolidated for trial. In the suit of Fisher v. Dye the jury found for the defendant; in the suit of Dye in his own right against Fisher the jury likewise found in favor of the defendant; in the suit of Dye as administrator against Fisher as defendant and himself as additional defendant the jury found in favor of both the defendant and the additional defendant. The jury, therefore, must have concluded that Fisher and Dye had both been negligent.

The principal issue on the present appeals arises from the fact that in the survival action brought by Dye as administrator the trial judge instructed the jury that if they found that Leticia M. Dye at the time of her death had no creditors, that her husband was her sole heir, that Dye was negligent, and that his negligence contributed in any degree to the happening of the accident, he could not, as administrator of his wife's estate, recover any damages in the action. This instruction was based on the theory that if Dye had helped to bring about his wife's death he ought not to be allowed to profit thereby. Subsequently, however, the court en banc came to the conclusion that, since neither the Survival Statute nor the Intestate Act contained any provision depriving a husband of the right to share in his wife's estate even if the fund for distribution had come into being as the result of his own negligent act, the court should not write into the Acts an exception which the legislature had apparently not seen fit to make. Accordingly the court decided that the instruction given to the jury was erroneous and therefore granted the administrator's motion for a new trial.

The question thus presented is apparently one of first impression in Pennsylvania. In *Minkin v. Minkin*, 336 Pa. 49, 54, 55, 7 A. 2d 461, 464, it was held in the

case of the *Wrongful Death Act* that any party in interest who negligently contributed to the death of the decedent was barred from recovery on his own behalf, but the effect upon the *Survival Action* of such negligence on the part of an heir of the decedent who would receive or share in the damages recovered has not been similarly passed upon by any of the courts of this State.[1] There is, of course, a difference in the permissible recoveries, as well as the theories on which such recoveries are based, between the two Acts: Under the Wrongful Death Act the amount recovered is not a part of the decedent's estate but compensation to the individual members of the family for their loss, whereas under the Survival Act the damages are measured by the pecuniary loss to the decedent, and whatever is recovered forms part of the decedent's estate: *McFadden v. May,* 325 Pa. 145, 149, 189 A. 483, 485; *Pantazis v. Fidelity & Deposit Co. of Maryland,* 369 Pa. 221, 224, 225, 85 A. 2d 421, 423; *Funk v. Buckley & Co., Inc.,* 158 Pa. Superior Ct. 586, 590, 591, 45 A. 2d 918, 920, 921. In our opinion, however, the question whether Dye can ultimately receive or share in the proceeds of any recovery he might obtain as administrator of his wife's estate under the Survival Act is now prematurely raised, and the court below properly granted a new trial so that the right of the estate of Leticia M. Dye to recover damages from either Fisher, or her husband, or both, can be determined without regard to the ultimate disposition of the proceeds of any recovery that may be made. Thus it may be found by the jury that her estate, for any one or more of several possible reasons,

---

[1] The question has arisen, however, and been discussed and passed upon in the Court of Appeals for the Third Circuit: *Burns v. Goldberg,* 210 F. 2d 646.

is not entitled to recover any damages,[2] and, even if there should be such a recovery, it may be that she did in fact have creditors (this can only be determined in a proper proceeding in the Orphans' Court), and there is also a suggestion in the record that her husband is *not* her only heir but that her father is still living, in which case, of course, the latter would be entitled to a share of her estate. The sole question in these negligence actions is whether her estate is entitled to recover the loss it has sustained by reason of her death; it is only in proceedings in the Orphans' Court that the proper distribution of the proceeds of any recovery can be determined, and therefore the question as to whether the decedent's husband would be entitled to participate in such recovery must wait for determination until such proceedings have been properly instituted and conducted. This was the conclusion reached in *Burns v. Goldberg*, 210 F. 2d 646, where, in the course of an able opinion by Judge HASTIE, it was said (p. 650) : "It does not follow . . . that the normal survival recovery itself should be reduced in any way because part of it may ultimately pass to the negligent husband through operation of the laws of succession. It is the invasion of the interest of the decedent which finds redress in this action. Hence damages are viewed and measured in terms of loss suffered by the decedent. The survival of such an action finds primary justification in the protection it affords creditors. It also serves to some de-

---

[2] She died instantaneously and therefore there can be no recovery for pain and suffering; recovery must also be limited to the present worth of the loss of her earning power less the cost of maintenance during the period of her life expectancy (*Murray, Administrator v. Philadelphia Transportation Co.*, 359 Pa. 69, 58 A. 2d 323) ; moreover, there can be no recovery if she was guilty of contributory negligence (see footnote 3).

gree as a means of assuring that the distributable estate shall include some present value in lieu of what the deceased might have been expected to accumulate during a normal lifetime. Thus, the policy underlying such a recovery does not yield any implication concerning either the eligibility or the disqualification of anyone as a participant in the ultimate distribution of the net estate. Indeed, any such question is premature in the survival action. The appropriate forum is the Orphans' Court at whatever time the matter of distribution of the decedent's estate shall be in issue. Cf. Moore v. Prudential Ins. Co., 1941, 342 Pa. 570, 21 A. 2d 42; Pantazis v. Fidelity & Deposit Co., 1952, 369 Pa. 221, 85 A. 2d 421. Our conclusion is that the husband's negligence does not in any way reduce the recovery of the administratrix in the survival action."

Having properly granted a new trial in the case of Dye as administrator v. Fisher as defendant and himself as additional defendant, the court was clearly justified in also granting a motion of Fisher for a new trial in his action against Dye, and a new trial on its own motion in the case of Dye v. Fisher. It is obvious that, if only one of the three suits were to be retried, the result might be inconsistent with the verdicts previously rendered in the other actions. The factual issue involved in all three is whether Dye, or Fisher, or both, were negligent, and the determination of that question necessarily governs the result that should follow in each and all of them. As stated in *Liebendofer v. Wilson,* 175 Pa. Superior Ct. 632, 636, 107 A. 2d 133, 135, "Pa. R. C. P. 213 permits the court to try actions together where they involve 'a common question of law or fact.' Before the adoption of the rule the courts could exercise discretion in this field. One of the principal reasons for permitting this procedure was to prevent in-

consistent verdicts. Our appellate courts have not hesitated to grant new trials under similar circumstances:" (citing many cases). That the court could, as it did, grant a new trial on its own motion in one of the actions is beyond question: *Biehl, Administrator v. Rafferty*, 349 Pa. 493, 37 A. 2d 729; *Bergen v. Lit Brothers*, 354 Pa. 535, 537, 538, 47 A. 2d 671, 673.

A considerable amount of evidence was introduced at the trial to show that Dye and his wife had both been to a club immediately prior to the accident and had there been drinking heavily. If such testimony is offered when the cases are retried the court will have in mind that, while proof of intoxication is relevant where reckless or careless driving of an automobile is the matter at issue, the mere fact of drinking intoxicating liquor is not admissible, being unfairly prejudicial, unless it reasonably establishes a degree of intoxication which proves unfitness to drive: *Critzer v. Donovan*, 289 Pa. 381, 384, 385, 137 A. 665, 666; *Landy v. Rosenstein*, 325 Pa. 209, 216, 188 A. 855, 858, 859; *Balla v. Sladek*, 381 Pa. 85, 93, 112 A. 2d 156, 160.[3]

The court properly overruled motions made by Fisher for judgments n.o.v. in two of the actions, it being obvious that the jury might have accepted Dye's version as to how the accident happened, stamping Fisher as being at least partly responsible for its occurrence.

The order of the court refusing the motions of Fisher for judgments n.o.v., granting plaintiff's motion

[3] If it were established that Dye was intoxicated and that his wife rode with him with knowledge of that fact she could properly be held to have assumed the risk occasioned thereby and her estate, therefore, not be permitted to recover for her death if caused in whole or in part by his incompetent driving: *Cassidy v. Evans*, 343 Pa. 483, 23 A. 2d 449.

for a new trial in Dye, Administrator v. Fisher defendant and Dye additional defendant, granting plaintiff's motion for a new trial in Fisher v. Dye, and granting a new trial on its own motion in Dye v. Fisher, is affirmed, costs to abide the event.