### Vignoli, Appellant, *v.* Standard Motor Freight, Inc.

Argued March 17, 1965.   Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Paul A. Simmons*, with him *Tempest & Simmons*, for appellant.

*Joseph F. Weis, Jr.*, with him *Weis & Weis*, for appellee.

OPINION BY MR. JUSTICE O'BRIEN, May 25, 1965:

On May 17, 1957, appellant sustained personal injuries and property damage as the result of a collision between a tractor-trailer owned and operated by him

and similar equipment owned by appellee and being operated by its employee, James Crise. An action of trespass was instituted by appellant and culminated in a jury verdict for appellee. Appellant's motion for new trial was denied and judgment was entered on the verdict of the jury; this appeal followed.

The opposing positions of the parties, as to the circumstances of the accident, and the allegations of error which were presented below, as well as here, are well summarized by the court below, as follows: "The plaintiff, Samuel Vignoli, a lifetime resident of Monongahela, Washington County, Pennsylvania, was operating his tractor-trailer in an easterly direction on the Pennsylvania Turnpike in the early morning of May 17th, 1957. At a point on said Turnpike, approximately six (6) miles west of Carlisle, Pennsylvania, the front portion of the plaintiff's tractor came into contact with the rear portion of the trailer owned by the defendant and operated by one, James Crise, an employee of the said defendant.

"The plaintiff charged the defendant with the negligent operation of its tractor trailer in that it was caused to swerve off of the highway in front of the plaintiff, to proceed on the berm for a short distance, and then, without warning, to pull back onto the paved portion of the Turnpike directly into the path of the plaintiff, thus causing the accident and damages complained of. Plaintiff contended there were no lights on the rear of defendant's trailer immediately prior to the accident. Plaintiff further alleged that the defendant's driver was under the influence of alcohol which resulted in the negligent manner in which his tractor trailer was operated.

"The defendant contended that its truck was proceeding on the Turnpike at a lawful rate of speed in a lawful manner, proceeding in the right-hand, or slow lane, when it was struck on the left rear corner by the right-front portion of plaintiff's tractor.

"The allegations of plaintiff were substantiated by the testimony of William Zewe who was driving behind the plaintiff in another truck.

"The allegations of defendant were substantiated by the testimony of Robert Keefer, a passenger in the defendant's truck.

"The defendant objected to the witnesses being questioned concerning the alleged intoxication of defendant's operator in the presence of the jury, unless it was first established that there was sufficient evidence to warrant the jury finding said driver to have been, in fact, intoxicated. The court then received testimony in chambers concerning the alleged intoxication. Following this, the court then ruled that there was not sufficient evidence of intoxication to submit this item to the jury and no further mention was to be made of intoxication in the presence of the jury.

"The question of negligence and contributory negligence were then submitted to the jury.

"The jury returned a verdict in favor of the defendant.

"The plaintiff filed his Motion for a New Trial advancing the following reasons: 1. The court was in error when it refused to permit the plaintiff to show the jury that defendant's driver had consumed two bottles of beer, and that he had the odor of alcohol on his breath at the time of the accident. 2. The court was in error when it refused to permit plaintiff to cross-examine defendant's driver concerning intoxication and/or drinking. 3. The court was in error in its charge to the jury concerning the duty of the plaintiff to stop 'within the assured clear distance ahead.' "

The grant or refusal of a new trial will not be reversed on appeal, absent an abuse of discretion or error of law which controlled the outcome of the case. *Weed v. Kerr*, 416 Pa. 233, 205 A. 2d 858 (1965), and cases cited therein. Our review of the instant record

reveals no such abuse or error, and the judgment must be affirmed.

The trial court wisely heard the testimony relative to Crise's alleged intoxication out of the jury's hearing. In circumstances where the jury could not reasonably reach a finding of intoxication, it is highly prejudicial to permit it to hear evidence bearing on the subject. In *Wentworth v. Doliner,* 399 Pa. 356, 160 A. 2d 562 (1960), we quoted, with approval, the following language of *Fisher v. Dye,* 386 Pa. 141, 125 A. 2d 472 (1956) : ". . . while proof of intoxication is relevant where reckless or careless driving of an automobile is the matter at issue, the mere fact of drinking intoxicating liquor is not admissible, being unfairly prejudicial, unless it reasonably establishes a degree of intoxication which proves unfitness to drive."

Here, the evidence elicited in chambers falls far short of reasonably establishing the requisite degree of intoxication. The sum and substance of that testimony was that Crise had admitted to having two beers in Greensburg prior to the start of the trip and that his behaviour at the scene of the accident was not that which might normally be expected of a truck driver in the circumstances. While not a matter for judicial notice, we cannot help observing that several hours must certainly have elapsed between the consumption of the beer in Greensburg and the collision near Carlisle. Further, without more, this admission and the opinions of appellant and Zewe that Crise was acting "funny", were insufficient to permit the issue to be presented to the jury.

Nor do we find error in the trial court's charge relative to the "assured clear distance" rule, such as might have controlled the outcome of the case. The two drivers and their respective witnesses told diametrically opposite versions of how the accident occurred. In that context, the court properly charged the jury, and

it obviously accepted the factual contentions of the defense.

Judgment affirmed.