378 A.2d 862

**Bernice SELBY, Administratrix of the Estate of Anthony Frank Selby, Deceased**

v.

**Edward I. BROWN, Appellant.**

Superior Court of Pennsylvania.

Argued June 18, 1976.

Decided Oct. 6, 1977.

Charles Jay Bogdanoff, Philadelphia, with him William L. Kinsley, Philadelphia, for appellant.

George J. O'Neill, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

136

WATKINS, President Judge:

This is an appeal from the judgment of the Court of Common Pleas of Philadelphia County after the entry of judgment on a verdict in a wrongful death and survival action by the personal representative of the decedent. A verdict was returned in the sum of $8,200 in the wrongful death action and $35,000 in the survival action.

The cause of action arose out of an accident occurring at 11:55 a. m. on August 27, 1966 between an automobile driven by the defendant, Edward I. Brown, and a bicycle operated by the now deceased minor plaintiff, Anthony Frank Selby. The defendant was proceeding in an easterly direction on Ellsworth Street, which is a through street, and the plaintiff's decedent, 14 years of age, was proceeding in a northerly direction on 18th Street which was controlled by a stop sign. The boy was turning into Ellsworth Street and as he proceeded into the intersection, contact occurred between the automobile and the bicycle. The minor plaintiff died of his injuries within minutes after the accident.

A wrongful death and survival action was brought by the personal representative of the decedent and the case was tried before Judge and jury on March 6, 1972.

The trial presents a series of circumstances that are so highly prejudicial and inflammatory as to make a fair trial impossible. It is regrettable that a case involving an accident that occurred in 1966 and which was tried in 1972 must be further delayed because of serious trial errors.

At the beginning of the case during the empaneling of the jury, the plaintiff's attorney raised the issue of insurance and a sum of "hundreds of thousands of dollars" for verdict consideration. Timely motion for the withdrawal of a juror was made and refused by the trial Judge.

At the opening of the trial, counsel for the defendant moved to have the case bifurcated as to the issues of liability and damage. Considering the liability issues in light of the fact that the plaintiff did have a stop sign, and the defendant was on a through street, it would have been a sound

exercise of discretion by the trial court to have granted the motion so that the emotional aspects of the case might be mitigated. The defendant's liability carrier offered payment of the full coverage of the policy if liability was decided in favor of the plaintiff. However, the refusal of the motion was within the sound discretion of the trial court.

Plaintiff's counsel, in his remarks to the jury after questioning its members on the usual standard questions, included a question as to whether the fact that the defendant was an insurance agent would affect their deliberations. If counsel had stopped there, no harm could result. However, he went on to ask if there was anyone on the panel who could not bring in a verdict of "several hundred thousands of dollars". This was objected to, and sustained but the court refused to withdraw a juror.

The court realized the prejudice caused by the mention of insurance and the amount of money but took the position that due to the fact that it was early in the trial it would not be harmful. The defendant contends that there was great prejudice to his case and a juror should have been withdrawn and a new jury immediately empaneled with the least inconvenience both to the court and the parties.

The prejudice was compounded by the question concerning insurance and the size of the verdict being repeated during the trial. In plaintiff's closing argument, counsel had this to say:

"We know that protection has to ensue immediately just as insurance companies know that. Do they delay in sending out their adjusters to contact the people involved in the case? Don't they get there to get the evidence as quickly as they can? Why do you think that I asked Mr. Brown when I brought him into this case, that problem of that I asked him 'how soon he had reported to his insurance company'?" (By Mr. O'Neill R985)

The court permitted counsel for the plaintiff, in his summation, to comment that the defendant was speeding, based on an estimate of speed that had been stricken during the

trial.. "It requires no citation of authority to support the proposition that a party who did not observe a moving vehicle for a sufficient period of time to form an opinion of its speed ought not to be permitted to testify as to its speed." (*Guzman v. Bloom,* 413 Pa. 576, 580, 198 A.2d 499, 502 [1964]).

█ The court also committed error when the police officer volunteered that the defendant had been drinking without any evidence of his unfitness to drive. The Supreme Court of Pennsylvania has been adamant that the mere fact that one may have been drinking intoxicating liquor is unfairly prejudicial unless it reasonably establishes a degree of intoxication which proves unfitness to drive. Such testimony must be taken out of the presence of the jury. "The trial court wisely heard the testimony relative to Crise's alleged intoxication out of the jury's hearing. In circumstances where the jury could not reasonably reach a finding of intoxication, it is highly prejudicial to permit it to hear evidence bearing on the subject. In *Wentworth v. Dolinger,* 399 Pa. 356, 160 A.2d 562 (1960), we quoted, with approval, the following language of *Fisher v. Dye,* 386 Pa. 141, 125 A.2d 472 (1957) . . . While proof of intoxication is relevant where reckless or careless driving of an automobile is the matter at issue, the mere fact of drinking intoxicating liquor is not admissible, being fairly prejudicial, unless it reasonably establishes a degree of intoxication which proves unfitness to drive." (*Vignoli v. Standard Motor Freight, Inc.,* 418 Pa. 214, 218, 210 A.2d 271, 273 (1965)).

See also *Morreale v. Prince,* 436 Pa. 51, 258 A.2d 508 (1969) where the Supreme Court said:

"In terms of the possible prejudice, there is no functional difference between evidence that a litigant was drinking and evidence that he was in a bar. Both pieces of evidence give rise to the insidious inference that the individual involved was intoxicated or under the influence of alcohol, which inference, without some proof of intoxication, has no role to play in any case."

The Supreme Court held also in *Dolinger v. Wentworth,* supra, that no instructions can cure the damage done by such prejudicial testimony.

The trial was further complicated by the court's erroneous statement of the law that a bicycle is not subject to the Vehicle Code requirement to stop at a stop sign. He did finally correct it and charged the jury as to the proper law. (Vehicle Code § 102).

■ Once the judge had corrected in his mind that he had made an erroneous statement of the law to the jury, he had an affirmative duty to correct the error with equal force immediately. The court refused to take that action and it was only corrected to the jury with instructions given 8 days later.

The combination of such emotional subjects being presented to the jury as insurance money, amount of verdict, drinking, erroneous statement of the vehicular law, and permitting argument to the jury on matters stricken from the record make the grant of a new trial mandatory.

The judgment is reversed and a new trial granted.

HOFFMAN and CERCONE, JJ., concur in the result.