406 A.2d 787

**Dolores CUSATIS and Dominic Cusatis, Appellants,**

v.

**James N. REICHERT and William Palmer, Jr.**

Superior Court of Pennsylvania.

Argued March 29, 1978.

Decided June 22, 1979.

Petition for Allowance of Appeal Denied Oct. 22, 1979.

James S. Palermo, Hazleton, for appellants.

John J. Aponick, Jr., Wilkes-Barre, submitted a brief on behalf of appellee Reichert.

Joseph J. Heston, Wilkes-Barre, for appellee Palmer.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

PRICE, Judge:

This appeal arises out of an automobile accident occurring on January 16, 1971, in the City of Hazleton, Luzerne County. On that date, appellant Dolores Cusatis was operating her automobile in a southerly direction on James Street. James Street intersects Diamond Avenue at a right angle; the intersection being controlled by a flashing amber light on Diamond Avenue and a flashing red light on James Street. Appellant testified that she stopped at the red light and edged out into the intersection until her vehicle was struck violently in the left side by another car. The second vehicle was travelling west on Diamond Avenue and was driven by appellee James N. Reichert, who was accompanied

by the vehicle's owner, appellee William Palmer, Jr. Reichert testified that appellant's vehicle failed to stop before entering the intersection. The impact carried both automobiles some 100 feet west of the impact point.

Appellants instituted the present action against appellees and the matter was tried before a jury on September 23 and 24, 1976. A verdict was returned in favor of appellees, and a subsequent motion for a new trial was denied by the court en banc. For the reasons stated herein, we reverse the order and judgment of the court below and remand for a new trial.

The sole question presented on appeal is whether the court below erred in excluding evidence tending to show the intoxicated condition of appellee Reichert. At the commencement of trial, testimony was presented outside the hearing of the jury relative to Reichert's alleged intoxicated state at the time of the accident. Appellants presented five witnesses during the hearing. Hazleton City Police Officer Eugene Riley, the first officer at the scene of the accident, testified that Reichert's gait at the time of the incident was "rather poor and there was an odor of alcohol about him." Pennsylvania State Trooper Lawrence Cordisco testified that approximately one hour following the incident, he performed a breathalyzer test on Reichert which showed a blood alcohol content of .14. City Magistrate Joseph Marsit testified that Reichert pleaded guilty to a charge of reckless driving. Finally, both Reichert and Palmer admitted that they had been drinking during the evening. Specifically, they both consumed approximately three-quarters of a quart of Boone's Farm Apple Wine between 7:30 p. m. and the time of the accident. Additionally, at some time between 10:30 and 11:30 p. m., they had two bottles of beer apiece at a local tavern. At the conclusion of this hearing, the trial judge ruled that any testimony on the question of Reichert's intoxication must be excluded. We disagree.

■ Since *Critzer v. Donovan*, 289 Pa. 381, 137 A. 665 (1927), it has been the policy of the appellate courts of this Commonwealth that when recklessness or carelessness is at

issue, proof of intoxication is relevant, but the mere fact of consuming alcohol is not admissible, being unfairly prejudicial, unless it reasonably establishes intoxication. *See Billow v. Farmers Trust Company,* 438 Pa. 514, 266 A.2d 92 (1970); *Morreale v. Prince,* 436 Pa. 51, 258 A.2d 508 (1969); *Cook v. Philadelphia Transportation Company,* 414 Pa. 154, 199 A.2d 446 (1964); *Wentworth v. Doliner,* 399 Pa. 356, 160 A.2d 562 (1960); *Fisher v. Dye,* 386 Pa. 141, 125 A.2d 472 (1956); *Schwarzbach v. Dunn,* 252 Pa.Super. 454, 381 A.2d 1295 (1977); *Selby v. Brown,* 250 Pa.Super. 134, 378 A.2d 862 (1977); *Sentz v. Dixon,* 224 Pa.Super. 70, 302 A.2d 434 (1973); *Kriner v. McDonald,* 223 Pa.Super. 531, 302 A.2d 392 (1973). Inspection of these cases discloses both the rationale and the parameters of this rule. In *Billow v. Farmers Trust Company, supra,* a case relied on by both the court below and appellees, the driver of an automobile was killed when his vehicle collided with a meat truck being driven by one of the defendants. The trial court refused the defendants' offer to prove that the decedent's blood had a significant alcohol content, and a non-suit was consequently entered against the defendants in their countersuit. Central to the defendants' offer was testimony to the effect that the decedent had a blood alcohol content of .14 at the time of the accident; a level which, in the opinion of a medical expert, would have been sufficient to affect his driving. The supreme court held that the evidence as to the decedent's alleged intoxication had been properly excluded:

"This statement fails to meet the standards we recently set forth in *Morreale v. Prince,* 436 Pa. 51, 258 A.2d 508 (1969), where we said: ' ". . . while proof of intoxication is relevant where reckless or careless driving of an automobile is the matter at issue, the mere fact of drinking intoxicating liquor is not admissible, being unfairly prejudicial, unless it reasonably establishes a degree of intoxication which proves unfitness to drive. . . ." *Fisher v. Dye,* 386 Pa. 141, 148, 125 A.2d 472, 476 (1956), (citations omitted).' 436 Pa. at 53, 258 A.2d at 508." *Id.* 438 Pa. at 516–17, 266 A.2d at 93.

*Vignoli v. Standard Motor Freight, Inc.,* 418 Pa. 214, 210 A.2d 271 (1965), presented another instance of the introduction of intoxication evidence. In *Vignoli,* the plaintiff sustained injuries as a result of a collision between his tractor-trailer and a similar piece of equipment operated by the defendant driver. At trial, the plaintiff attempted to cross-examine a witness on the alleged intoxicated state of the plaintiff. The court received testimony in chambers that the defendant's driver had consumed two bottles of beer and had the odor of alcohol on his breath at the time of the accident. The lower court refused to admit the testimony, and our supreme court agreed:

"The trial court wisely heard the testimony relative to Crise's [defendant's employee] alleged intoxication out of the jury's hearing. In circumstances where the jury could not reasonably reach a finding of intoxication, it is highly prejudicial to permit it to hear evidence bearing on the subject." *Id.,* 418 Pa. at 218, 210 A.2d at 273.

In *Morreale v. Prince,* 436 Pa. 51, 258 A.2d 508 (1969), an automobile accident gave rise to an action in which the sole evidence tending to demonstrate the defendant's intoxicated state was his presence in a bar prior to the collision. The supreme court concluded that such a reference was prejudicial because it gave rise to "the insidious inference that the individual involved was intoxicated or under the influence of alcohol" when such an inference, without actual proof of intoxication, was irrelevant to the proceeding. *Id.,* 436 Pa. at 52, 258 A.2d at 509.

■ While we again acknowledge the vitality of this policy of exclusion, it is clear that the instant facts could reasonably establish intoxication, thereby obviating the danger of prejudice to Reichert. The offer of proof included testimony that Reichert had a blood alcohol content of .14 approximately one hour after the accident. Our legislature has expressly approved the blood alcohol test as a means of determining whether a person is driving under the influence of intoxicating beverages. Indeed, a blood alcohol content of .10 percent or more of weight raises a presumption of

252

intoxication. 75 Pa.C.S. § 1547(d)(3). While it is true that the supreme court in *Billow,* when confronted with a defendant having this same amount of blood alcohol—.14—ruled the testimony inadmissible, it is crucial to note that the breathalyzer result was there the sole evidence presented to support an inference of intoxication. Such a reading on a breathalyzer might be caused by legitimate medication or chemical substances. Instantly, however, appellants also proffered testimony that Reichert had consumed a considerable amount of alcohol prior to the incident, and had the odor of alcohol about him when the investigating officer arrived at the scene. Taken in its totality, this evidence reveals far more than the mere hint of intoxication condemned as prejudicial in *Morreale* and *Vignoli.*[1] As the evidence presented could reasonably support a conclusion

1. Our prior decision in *Schwarzbach v. Dunn,* 252 Pa.Super. 454, 381 A.2d 1295 (1977), does not compel a different result. In that case, a passenger in a jeep driven by Dunn was fatally injured when the vehicle left the highway and crashed into an embankment. In an action brought by the decedent's estate against Jeep Corporation, the latter offered to prove that Dunn had been given a blood alcohol test three hours after the accident and that the test revealed a blood alcohol content of .12. The lower court rejected the offer. On appeal, we granted a new trial on the grounds that the case was not tried before an impartial jury. The opinion, by then-President Judge Watkins, continued in dictum to inform the lower court that blood alcohol tests that are intended to "relate back" should be regarded with skepticism due to their speculative nature. Apart from the factual distinction, a one hour delay instantly as opposed to the three hour delay in *Schwarzbach,* it is important to note that a majority of this court did not embrace the rationale of that dictum. (The opinion was joined by Judges Jacobs and Van der Voort. Judge Cercone concurred in the result. This writer filed a concurring opinion in which Judge Spaeth joined. Judge Spaeth filed a concurring opinion and Judge Hoffman filed a dissenting opinion). In my concurring opinion in *Schwarzbach,* this writer indicated that the blood alcohol test was supported by two other pieces of evidence; namely, that the state trooper who first arrived on the scene detected a strong odor of alcohol in the jeep, and the driver himself testified that several stops were made during which he consumed considerable beer. The instant facts, are, if anything, slightly stronger in their inference of intoxication, and while, as in *Schwarzbach,* they are not conclusive, they are certainly sufficient to permit the question to reach the jury. *See Schwarzbach v. Dunn, supra,* 252 Pa.Super. at 464, 381 A.2d at 1300 (Price, J., concurring). *See also Commonwealth v. Tylwalk,* 258 Pa.Super. 506, 509 n.5, 393 A.2d 473, 475 n.5 (1978).

that Reichert was intoxicated, the question should have been placed before the jury.

■ Because this case must be retried, we believe that we should also address the admissibility of Reichert's guilty plea to reckless driving. Under the former Vehicle Code, reckless driving was an offense punishable by summary conviction. *See* Act of April 29, 1959, P.L. 58, § 1001, 75 P.S. § 1001, *repealed,* Act of June 17, 1976, P.L. 162, No. 81, § 7. Pursuant to former section 1211 of the Vehicle Code, a guilty plea entered in a summary proceeding was not admissible in a civil proceeding arising out of the same facts or circumstances. *See* Act of April 29, 1959, P.L. 58, § 1211, 75 P.S. § 1211, *repealed,* Act of June 17, 1976, P.L. 162, No. 81, § 7.[2] Thus, the instant plea would then have been inadmissible.

Although, as noted, that section has been repealed and not replaced by a comparable section in the new Vehicle Code, the guilty plea is nevertheless inadmissible. In *Loughner v. Schmelzer,* 421 Pa. 283, 218 A.2d 768 (1966), the defendant in an automobile accident case introduced evidence that the plaintiff had been convicted of failure to drive on the right side of the highway. Citing its prior decision in *Hurtt v. Stirone,* 416 Pa. 493, 206 A.2d 624 (1965), the supreme court reversed the conviction and remanded for a new trial on the basis that "evidence of the conviction of a traffic violation or of small misdemeanors is not admissible in a civil suit for damages arising out of the same traffic violation or lesser misdemeanors." *Loughner v. Schmelzer, supra* 421 Pa. at 284–85, 218 A.2d at 769. We therefore hold that upon re-trial, while evidence of Reichert's intoxication may be

2. That section provided in pertinent part:
   "A plea of guilty or nolo contendere, or payment by any person charged with a violation of this act of the fine and costs prescribed for such violation, after such a plea in any summary proceedings before a magistrate, shall be inadmissible as evidence in every civil proceeding arising out of the same violation or under the same facts or circumstances: . . .."

introduced, the evidence of his guilty plea to reckless driving may not be admitted.[3]

The order and judgment of the court below are therefore reversed, and the case is remanded for proceedings consistent with this opinion.

SPAETH, J., files a concurring statement.

JACOBS, former President Judge, did not participate in the consideration or decision of this case.

SPAETH, Judge, concurring:

I wish only to note that the Court in *Billows* did not discuss the statutory presumption issue, and on that issue the decision therefore does not bind us.

---

**3.** *Cromley v. Gardner,* 253 Pa.Super. 467, 385 A.2d 433 (1978), is distinguishable. In *Cromley,* we held that a guilty plea to driving under the influence could be admitted in a subsequent civil proceeding arising out of the same circumstances. Discussing *Hurtt* and *Loughner,* we emphasized that driving under the influence was not a minor offense, as it carried fines ranging from $100 to $500 and costs, imprisonment to a maximum of three years, or both. *See* Act of April 29, 1959, P.L. 58, § 1037, 75 P.S. § 1037. A plea of guilty was thus a legitimate admission against interest. In contrast, reckless driving carried a fine of between $10 and $25. *See* former 75 P.S. § 1001. While it is true that testimony was adduced from the magistrate who accepted the plea that Reichert had originally intended to plead guilty to drunken driving, the fact remains that the guilty plea to reckless driving was the only one entered.