In Re: Appeal of Suspension of Daniel McClellan. H. Ronald McClellan and Dolores McClellan, natural guardians of Daniel McClellan, a minor, Appellants.

Argued May 9, 1983, before Judges CRAIG, MAC-PHAIL and BARBIERI, sitting as a panel of three. Reargued November 15, 1983, before President Judge CRUMLISH, JR. and Judges ROGERS, WILLIAMS, JR., CRAIG, MACPHAIL, DOYLE and BARRY.

*David A. Kreider*, with him *David J. Brightbill, Siegrist, Koller, Brightbill & Long,* for appellants.

*Timothy D. Sheffey, Egli, Reilly, Wolfson, Sheffey and Schrum,* for appellee.

OPINION BY JUDGE DOYLE, April 26, 1984:

Before this Court is an appeal by H. Ronald and Dolores McClellan from a decision and order of the Court of Common Pleas of Lebanon County affirming a decision by the Board of School Directors of the Cornwall-Lebanon School District (Board) to expel their son, Daniel McClellan, from school for a period of twenty-four calendar days. We affirm.

On September 28, 1981, the student, who was fifteen years old and in the 10th grade at Cedar Crest High School at the time, and his father, H. Ronald McClellan, visited the office of the high school's assistant principal, Mr. Glenn Caufman. The purpose of this visit was to discuss the potential ramifications of the student's having been found by local police in the school's parking lot after a football game the previous Friday evening in an intoxicated condition. Following the McClellan's visit, Mr. Caufman reported the matter to the school's principal, Joseph Sakalosky. Mr. Sakalosky, in turn, contacted the police department to verify what had occurred. Subsequent to this contact, on October 2, 1981, a citation was issued by the South Lebanon Township police charging Daniel with violating Section 6308 of the Crimes Code, 18 Pa. C. S. §6308, which reads:

A person commits a summary offense if he, being less than 21 years of age, attempts to purchase, purchases, consumes, possesses or transports, any alcohol, liquor or malt or brewed beverages.

A $50.00 fine and $27.53 in costs levied pursuant to the citation were paid on October 16, 1981. On November 11, 1981, the student's parents were sent notice that an informal hearing was to be held for the purpose of suspending Daniel for ten days for violating Board policy regarding the possession or consumption of alcohol on school property. The specific policy of the Board at issue was:

Students apprehended in possession of, having consumed, trafficking in alcohol or drugs or in possession of drug related paraphernalia on school property at any time or as a participant in any school sponsored event or activity will be suspended from school. Students who enter school property after having

consumed alcohol or drugs will also be suspended. Furthermore, all students suspended for alcohol or drugs shall be subject to a formal hearing before the Board or a Board appointed hearing officer for the purpose of further suspension or expulsion. Final disposition rests with the Board of Education.

The preliminary hearing was waived and Daniel was suspended from school for a period of ten days. Thereafter, a formal hearing was conducted by an examiner appointed by the Board. Daniel's parents testified on his behalf and Mr. Caufman appeared as the sole witness for the Board. Also introduced into evidence was a copy of the citation issued to Daniel. Daniel did not testify. Based on the evidence adduced at this hearing, the examiner submitted a recommendation to the Board which then issued a decision ordering Daniel "expelled" from school from January 4, 1982, through the end of the marking period, January 28, 1982. The McClellans appealed this decision to the court of common pleas which affirmed the expulsion. The appeal to this Court followed.

Where, as here, a complete record was developed before the local agency, a court reviewing the matter on appeal must affirm the local agency unless it is determined that constitutional rights were violated, that an error of law was committed, that the procedure before the agency was contrary to statute or that a necessary finding of fact was unsupported by substantial evidence. Section 754 of the Local Agency Law, 2 Pa. C. S. §754. *See McKeesport Area School District Board of Directors v. Collins,* 55 Pa. Commonwealth Ct. 548, 423 A.2d 1112 (1980).

The first challenge to Daniel's expulsion which we will here review, is an assertion that the Board failed to actually find that Daniel was "under the influence of alcohol *on* school property" as charged in his hear-

ing notice. (Emphasis added.) Instead, the Board found:

> 3. While in the parking lot adjacent to the Cedar Crest High School, Daniel McClellan was found in an intoxicated condition by members of the South Lebanon Township Police Department.

It is emminently clear from the record that the parking lot where the incident at issue occurred was school property. At no point in the hearing before the Board's examiner was there any indication to the contrary and the argument to this Court as to this issue is rejected.

It is next argued that Mr. Caufman, who testified at the Board hearing as to the September 28, 1981, conversation between himself, Daniel and H. Ronald McClellan, should have been prohibited from giving such testimony because the conversation was privileged and confidential pursuant to 22 Pa. Code §12.12 (a). Section 12.12(a) reads, in pertinent part:

> Confidential communications.
>
> (a) Information received from a student in confidence by a guidance counselor . . . in public or private schools while in the course of that person's professional duties is privileged information to the extent that it cannot be devulged in any legal proceeding, civil or criminal, without the consent of the student, or if still a minor, the student's parents.

While Mr. Caufman did indicate that he had worked with Daniel "on any disciplinary actions, counselling, etc.," nothing in the record suggests that he was acting as a guidance counselor during the meeting with Daniel and his father, that the conversation was confidential, or that he was at that time acting in any role other than that of assistant principal. Accordingly, this challenge to the Board's decision is also rejected.

The third stated ground for appeal to be addressed by this Court is that the Board erred in permitting evidence in the record of the citation for underage drinking and the payment of the corresponding fine. We disagree. In so doing we are not unmindful of the line of cases holding that "evidence of the conviction of a traffic violation or of *small* misdemeanors is not admissible in a *civil suit for damages* arising out of the same traffic violation or lesser misdemeanors." *Cusatis v. Reichert,* 267 Pa. Superior Ct. 247, 253, 406 A.2d 787, 790-91 (1979) (emphasis added), (quoting *Loughner v. Schmelzer,* 421 Pa. 283, 284-85, 218 A.2d 768, 769 (1966)). *See Hurtt v. Stirone,* 416 Pa. 493, 206 A.2d 624 (1965)[1] *cert. den. Stirone v. Hurtt,* 381 U.S. 925 (1965). The situation in the case at bar, however, is readily distinguishable from that of the foregoing cases. Underage drinking, while a summary offense, is nonetheless a crime, not a mere traffic violation. *Interest of Golden,* 243 Pa. Superior Ct. 267, 365 A.2d 157 (1976). And, as noted by Judge HOFFMAN in his concurring opinion in *Golden,* that underage drinking should possess such a status is consistent with the intent of the Legislature as evidenced by the fact that, when adopting Section 106 of the Crimes Code, 18 Pa. C. S. §106, it *deleted* from a proposed

---

[1] The operative rationale behind this principle was expressed by the Supreme Court in *Hurtt* where it stated:

[W]e recognize a valid existing distinction in cases involving the record of conviction of relatively minor matters such as traffic violations, lesser misdemeanors, and matters of like import. Especially in traffic violations, expediency and convenience, rather than guilt, often control the defendant's "trial technique." In such cases, it is not obvious that the defendant has taken advantage of his day in court, and it would be unreasonable and unrealistic to say he waived that right as to a matter (civil liability), which was probably not within contemplation at the time of the conviction.

*Hurtt,* 416 Pa. at 499, 206 A.2d at 627.

version thereof language which read: "A summary offense does not constitute a crime and conviction of a summary offense shall not give rise to any disability or legal disadvantage based on conviction of a criminal offense." *Id.* at 274, 365 A.2d at 160 (HOFFMAN, J., concurring) (emphasis deleted) (quoting Section 1.07 of Proposed Crimes Code for Pennsylvania, Joint State Government Commission (1967)). As a summary offense under the Crimes Code and hence, a crime, underage drinking *may* be punished by up to ninety days in prison. Section 106 of the Crimes Code. It is therefore hardly a "small" matter and, in conjunction with the fact that we are dealing with an administrative proceeding which was to determine whether disciplinary action should be taken, *not* a civil trial for damages, evidence pertaining to the citation was not excludable from the record as a matter of law. In addition, pursuant to Section 554 of the Local Agency Law, 2 Pa. C. S. §554, the Board was not "bound by technical rules of evidence" and it was permitted to accept and consider "all relevant evidence of reasonably probative value." The citation was clearly relevant and of probative value and, absent exclusion by rule of law, it was properly admitted into evidence.[2]

Finally, this Court is confronted with the question of whether there was substantial evidence to support the Board's determination that Daniel was on school

---

[2] The fact that Daniel's fine was paid by third parties with the authority to act in his interest, *i.e.*, his parents, also does not affect the admission into the record of evidence regarding the citation. *Commonwealth v. James*, 6 Pa. Commonwealth Ct. 493, 296 A.2d 530 (1972). The board treated the citation as only a factor in its determination rather than as being dispositive of the question of whether Daniel was intoxicated on school property. That the fine involved was paid by his parents goes to the weight to be afforded the citation as evidence, a question for the Board to resolve, not a reviewing court.

property under the influence of alcohol. The elements of the record proffered by the Board in support of its decision are: (1) the information provided by the police regarding Daniel's citation; (2) H. Ronald McClellan's testimony at the hearing that, other than the day in question, he had never known his son to drink; (3) Dolores McClellan's testimony, which was similar, and (4) Mr. Caufman's testimony regarding what was said at the meeting between himself, Daniel and Daniel's father.

The first of these items we have discussed above and found to have been properly considered. The information received from the police is also clearly supportive of the Board's determination. With respect to the testimony of Daniel's parents, while it is corroborative of the finding that he was drinking on the night in question, it fails to support the key finding that he was on school property. The testimony of Mr. Caufman, however, does constitute additional support for this finding. Mr. Caufman, in response to an inquiry concerning what was said at the September 28, 1981 meeting stated:

On September 28 Mr. McClellan and Daniel came to my office and at that time they were concerned that based on what had happened the weekend prior, what was the school, what action would the school take in regard to the fact that Dan had been on school property and intoxicated. And again, I don't keep verbatim records. My notes of that conversation are in generalities and that was the gist of the conversation.

While hearsay, and objected to as such, Mr. Caufman's testimony encompasses an admission by the party to the conduct in question. Hence it was properly admitted into evidence under the admissions exception to the hearsay rule and it is competent to sustain the

finding that Daniel was intoxicated on school property. *Kilpatrick v. Unemployment Compensation Board of Review*, 59 Pa. Commonwealth Ct. 201, 429 A.2d 133 (1981). In light of the information from the police relative to Daniel's citation and the testimony of Mr. Caufman, we are constrained to hold that the Board's findings are supported by substantial evidence. The decision to "expel" Daniel, while perhaps harsh based on what we have observed in the record before this Court and the ten day suspension which he has already served, must therefore be affirmed.

ORDER

Now, April 26, 1984, the decision and order of the Court of Common Pleas of Lebanon County in the above captioned matter, No. 2968, Year 1981, dated February 11, 1982, is hereby affirmed.

DISSENTING OPINION BY JUDGE CRAIG:

We should reverse the adjudication of the Cornwall-Lebanon School Board because: (1) the board erred in admitting evidence of a summary offense arising from the same incident, and (2) the record does not contain substantial evidence to support the necessary finding—that the student had been intoxicated on school property.

As to the first point, the board's reliance upon the citation for the summary offense of underage drinking and his payment of fine on that charge, the cases have held that evidence of a guilty plea to a summary offense is not admissible in court in a later civil case arising from the same events.[1] The courts have de-

---

[1] *Loughner v. Schmelzer*, 421 Pa. 283, 218 A.2d 768 (1966) ("traffic violations" and "small" or "lesser" misdemeanors inadmissible, specifically wrong-side driving traffic offense); *Ousatis v. Reichert*, 267 Pa. Superior Ct. 247, 406 A.2d 787 (1979) (reckless driving traffic offense inadmissible).

veloped that rule in recognition of the fact that in cases involving relatively minor matters, such as summary offenses and lesser misdemeanors, "expedience, and convenience, rather than guilt, often control the defendant's 'trial technique'. . . ." *See Hurtt v. Stirone*, 416 Pa. 493, 499, 206 A.2d 624, 628 (1965).

That reasoning is equally compelling here. Although local agencies are not bound by the strict rules of evidence,[2] the school board erred in admitting and relying on any evidence of the student's summary offense because that evidence has no real probative value.

Finally, the student is correct in submitting that the record does not contain substantial evidence to support the necessary findings. The board's brief contends that the following evidence supports its key finding, that the student was under the influence of alcohol on school property: (1) the information from the police about the arrest, (2) the testimony of the student's father, (3) the testimony of the student's mother, and (4) the meeting of the student, his father and school official Glenn Caufman.

The first of those items, as noted above, the board erroneously admitted. The second and third, given the the broadest interpretation, indicate only that the student was drinking on the night in question.[3]

---

[2] 2 Pa. C. S. §554.

[3] The relevant testimony of the parents was as follows:

Q: Now, with the exception of the evening of September 20, 1981, have you ever observed your son drinking or with another alcoholic beverage?

Mr. McClellan: No, sir.

Record 30a, 31a.

Q: Have you ever observed Danny in a condition where he had the odor of alcohol or was showing the effects of alcohol or would have given you any indication that he was making use of alcohol, other than September 20, 1981, whatever this date is, September 25, 1981?

The fourth, Mr. Caufman's testimony about the meeting, as quoted in the majority opinion, is clearly hearsay. Although hearsay which is properly admissible through an exception to the hearsay rule may support an administrative finding, hearsay, outside of the recognized exceptions, is not competent to do so when, as here, objection has been made to it.[4]

The exception for party admissions is the only one potentially applicable here. An opponent may always offer the statements of a party against him.[5]

However, the single, general answer by Mr. Caufman does not establish that either the student or his father made any specific statement. That reference does not provide sufficient detail to qualify as an admission.

Because the finding that the student was intoxicated on school property was necessary, and because nothing but Mr. Caufman's vague hearsay statement relates to that finding, the record does not contain substantial evidence to support the board's finding that Daniel McClellan was under the influence of alcohol on school property.

Accordingly, we should reverse.

Judge BARRY joins this dissent.

---

Mrs. McClellan: No. Ah, there is somebody around all the time and there has been no evidence of anything prior to this.

Record 35a.

Q: Do you feel certain that this was the only time that Danny drank?

Mrs. McClellan: Yes, I feel certain that this was the time. There was no indication as far as behavior or no odor.

Record 36a.

[4] *Burks v. Department of Public Welfare*, 48 Pa. Commonwealth Ct. 6, 408 A.2d 912 (1979); *Walker v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 522, 367 A.2d 366 (1976).

[5] *Beardsley v. Weaver*, 402 Pa. 130, 166 A.2d 529 (1961).