Ester J. LYKES and Wilton
K. Lykes, Appellants

v.

James A. YATES, M.D., Saundra Wolfersberger, R.N., Plastic Surgery Center, LTD., Holy Spirit Health System, Holy Spirit Hospital of the Sisters of Christian Charity, and Holy Spirit Hospital.

Superior Court of Pennsylvania.

Submitted May 6, 2013.
Filed Sept. 25, 2013.

Theresa L. Giannone, Conshohocken, for appellant.

Leigh A.J. Ellis, Camp Hill, for appellees.

BEFORE: PANELLA, J., ALLEN, J., and COLVILLE, J.*

OPINION BY PANELLA, J.

Appellant, Ester J. Lykes, appeals from the judgment in favor of Appellees, James A. Yates, M.D., Saundra Wolfersberger, R.N., and Plastic Surgery Center, Ltd., entered on January 27, 2012, by the Honorable Albert H. Masland, Court of Common Pleas of Cumberland County. We affirm.

In this appeal, we are asked to address whether the trial court erred or abused its discretion in overruling both Lykes' pre-trial motion and renewed motion to produce documents and compel production of non-party patients' medical charts. We are also asked to address whether the trial court erred or abused its discretion in overruling Lykes' Motions *in Limine* to preclude reference to Dr. Yates' use of Gold Bond powder in other patients, and to preclude reference by Dr. Yates and his experts regarding what caused Lykes' foreign body granulomas.[1]

---

* Retired Senior Judge assigned to the Superior Court.

1. "[A] foreign body granuloma is a granuloma because ... the body sees it as something it doesn't like and it tries to form granulation tissue around it[.] Foreign body granulomas are present around all sutures in the body." N.T., Trial, 07/18/11, at 512.

As the matters complained of on appeal relate exclusively to the trial court's pre-trial rulings, an exhaustive recounting of the facts is unnecessary. Lykes brought a medical malpractice action against Dr. Yates, a plastic surgeon, regarding the post-surgical wound care of her breast reduction surgery. Central to her claim was the allegation that Dr. Yates inappropriately instructed her to use Gold Bond powder to treat her post-surgical wounds. *See* N.T., Trial, 07/18/11, at 161, 166–68, 170, 182. Lykes contended that the Gold Bond powder caused her wounds to heal improperly, resulting in an extended healing time, additional treatment and procedures, physical therapy, and psychological counseling. *See id.,* at 196–202, 211–12.

Prior to trial, Lykes filed a discovery motion to compel the production of redacted medical records of Dr. Yates' previous patients on whom Gold Bond powder was used. *See* Plaintiff's Motion to Strike and Compel, 12/30/08. President Judge Hess denied this discovery motion. *See* Order of the Court, 02/05/09. Lykes later renewed this request, but was again denied by Judge Masland. *See* N.T., Trial, 07/18/11, at 20–21, 504–05.

Following a defense verdict, the trial court entered judgment in favor of Appellees. Lykes then filed a timely notice of appeal, and the trial court ordered Lykes to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925. Lykes filed a timely statement, and the trial court filed its opinion in support of the verdict on May 30, 2012.

Lykes raises the following issues on appeal:

1. Did the Trial Court harmfully err and/or abuse its discretion when it overruled Plaintiff's Motion to Strike Objections to the Second Set of Request for Production of Documents and to Compel Production During Pre–Trial Discovery? . . .

2. Did the Trial Court harmfully err and/or abuse its discretion when it overruled Plaintiff's Motion *in Limine* and allowed Defendant, Dr. Yates and Defendants' experts to provide testimony regarding Defendants' use of Gold Bond powder in patients other than Plaintiff? . . .

3. Did the Trial Court harmfully err and/or abuse its discretion when it overruled Plaintiff's Renewed Motion to Strike Objections to the Second Set of Request for Production of Documents and to Compel Production? . . .

4. Did the Trial Court harmfully err and/or abuse its discretion when it overruled Plaintiff's Motion *in Limine* and allowed Defendants' Experts to provide testimony regarding what caused Ms. Lykes' foreign body granulomas? . . .

Appellant's Brief, at 4.

We will combine the analysis of issues one and three regarding the pre-trial discovery ruling made by President Judge Kevin A. Hess, and Judge Masland's later denial of a renewed request for the same relief. Lykes' primary argument in support of the grant of a new trial is that she was prejudiced by the fact that she was not entitled to access the medical records of prior patients of Dr. Yates.

■ "[I]n reviewing an order to grant a new trial, our standard of review is limited to determining whether the trial court abused its discretion or committed an error of law." *Lemmon v. Ernst,* 822 A.2d 768, 769 (Pa.Super.2003), *appeal denied,* 577 Pa. 722, 847 A.2d 1287 (2004) (internal citations omitted). This same standard of review applies to an appellate court's consideration of a trial court's evi-

dentiary rulings, "however, where the evidentiary ruling turns on a question of law our review is plenary." *Buckman v. Verazin*, 54 A.3d 956, 960 (Pa.Super.2012).

The lower court's main concern with regard to the discovery request appeared to be compliance with the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). HIPAA "provides for monetary fines and various terms of imprisonment for the wrongful disclosure of individually identifiable health information." *T.M. v. Elwyn, Inc.*, 950 A.2d 1050, 1059 (Pa.Super.2008) (citation omitted). Dr. Yates argued that the requested information could not be deemed relevant, and that the request was overly broad, burdensome, and time consuming. *See* N.T., Motion to Compel, 02/05/09, at 4.

 It is true that a healthcare provider may disclose medical information without violating HIPAA if served with either a court order authorizing the disclosure, or a formal discovery request accompanied by certain required assurances that privacy will be protected. *See* 45 C.F.R. § 164.512(e)(1)(i)(ii); *Howard v. Rustin*, Civil Action No. 06–200, 2007 WL 2811828, at *2 (W.D.Pa. Sept. 24, 2007). However, in Pennsylvania, there is a well-established balancing test that must be satisfied in order to disclose an individual's medical information without permission:

> The factors which should be considered in deciding whether an intrusion into an individual's privacy is justified are the type of record requested, the information it does or might contain, the potential for harm in any subsequent nonconsensual disclosure, the injury for disclosure to the relationship in which the record was generated, the adequacy of safeguards to prevent unauthorized disclosure, the degree of need for access, and whether there is an express statutory mandate, articulated public policy, or other recognizable public interest militating toward access.

*Buckman v. Verazin*, 54 A.3d 956, 961 (Pa.Super.2012) (citing *Stenger v. Lehigh Valley Hosp. Center*, 530 Pa. 426, 609 A.2d 796 (1992)). Lykes alleges that the "potential privacy interest here was outweighed by the extreme prejudice created" because Dr. Yates led the jury to believe it was within the standard of care to use Gold Bond powder. Therefore, Lykes argues, she was unable to sufficiently cross-examine without access to his other patients' records. *See* Appellant's Brief, at 17. We disagree.

In *Buckman*, this Court acknowledged that "the law in Pennsylvania only allows consideration of whether the care a physician rendered [falls] below the standard of care established by expert testimony...." 54 A.3d at 964 (quotation marks omitted) (quoting *Passarello v. Grumbine*, 29 A.3d 1158, 1167 (Pa.Super.2011)). Lykes provided expert testimony by her treating physicians that they had never seen Gold Bond powder used on wounds during post-operative care. *See* N.T., Trial, 07/18/11, at 318. However, Lykes did not provide expert testimony from a plastic surgeon to refute the testimony of Dr. Yates' plastic surgery expert, Dr. Ernest K. Manders. *See id.*, at 409–10, 414–16.

 Dr. Manders testified that he did not find Dr. Yates use of Gold Bond powder problematic. *See id.*, at 409. In his opinion, the use of Gold Bond powder had no role in the healing complications of the wounds, and its use was not a deviation from the standard of care. *See id.*, at 415–16. Based upon the verdict, the jury found Dr. Manders' testimony to be credible. Credibility determinations are within the jury's realm, as they are free to believe or disbelieve the testimony of the expert witnesses. *See Renna v. Schadt*, 64 A.3d 658, 670 (Pa.Super.2013).

■ Furthermore, Dr. Yates's testimony that he had successfully used Gold Bond powder for years was not expert testimony. A defendant-physician may testify as to his own experience. *See Brady v. Ballay, Thornton, Maloney Medical Assocs., Inc.,* 704 A.2d 1076, 1082 (Pa.Super.1997), *appeal denied,* 555 Pa. 738, 725 A.2d 1217 (1998) ("[A] physician who is also a defendant may testify as a fact witness on his own behalf ... so long as those opinions or inferences are rationally based on the witness's perceptions and helpful to a clear understanding of his or her testimony."). Dr. Yates did just that in testifying to his past use of Gold Bond powder on previous patients. He was not establishing a standard of care because he was not presented as an expert witness. *See* N.T., Trial, 07/18/11, at 461.

■ Moreover, the actions taken by a doctor when caring for previous patients are not necessary to prove a breach of the standard of care. *See Buckman,* 54 A.3d at 964 ("The information relating to third parties that have not given their consent is confidential and is not relevant to the instant negligence claim in that actions taken by [defendant-physician] when operating on other patients is not probative of what his actions were when caring for [plaintiff]."). Simply put, whether or not Gold Bond powder was effective in Dr. Yates' other patients, who may not have had identical medical histories, risks, surgical procedures, surgical wounds, and/or postoperative course as Lykes, was not relevant to the standard of care.

Prior Pennsylvania cases also focus on the "degree of need for access" and public policy factors of the balancing test. Courts have held that redacted medical records are discoverable if they are necessary to establish negligence. *See Stenger,* 609 A.2d at 802 ("There is a high degree of need for the information ... for without it,

the [plaintiffs] cannot hope to establish negligence."). In the present case, Lykes did not need the medical records of previous patients to establish that Dr. Yates was negligent; Lykes was permitted to establish this through expert testimony that using Gold Bond powder on postoperative wounds was not within the standard of care. As noted previously, the credibility and weight given to such expert opinion was for the jury to decide.

Additionally, there is no compelling state interest at stake here to justify revealing the privileged patient information. *Contra Stenger,* 609 A.2d at 802 ("[T]he state's interest in allaying these concerns [of allowing AIDS contaminated blood donations into the system] and restoring the integrity of the blood supply is a compelling one."). Accordingly, we find no error in the trial court's refusal to compel production of third-party patient records.

■ Lykes's second issue on appeal is that the trial court erred or abused its discretion in overruling Lykes' Motions *in Limine* to preclude reference by Dr. Yates of his use of Gold Bond Powder in other patients. We note that our standard of review for evidentiary rulings is a narrow one:

When we review a trial court's ruling on admission of evidence, we must acknowledge that decisions on admissibility are within the sound discretion of the trial court and will not be overturned absent an abuse of discretion or misapplication of law. In addition, for a ruling on evidence to constitute reversible error, it must have been harmful or prejudicial to the complaining party.

*Reott v. Asia Trend, Inc.,* 7 A.3d 830, 839 (Pa.Super.2010).

■ Lykes specifically argues that evidence of Dr. Yate's use of Gold Bond on his previous patients was irrelevant. In

the alternative, Lykes contends that even if such evidence had some probative value, such value was vastly outweighed by the unfair prejudice it would cause. "Evidence that is not relevant is not admissible." Pa.R.E., Rule 402, 42 Pa. Cons.Stat. Ann. Relevant evidence is defined as evidence "having any tendency to make the existence of any *fact* that is of consequence to the determination of the action more probable or less probable." Pa.R.E., Rule 401, 42 Pa.Cons.Stat.Ann. (emphasis added). Even if evidence is relevant, it may be excluded if its probative value is outweighed by, *inter alia,* the danger of unfair prejudice arising from its presentation to the fact-finder. Pa. R.E., Rule 403, 42 Pa.Cons.Stat.Ann. " 'Unfair prejudice' supporting exclusion of relevant evidence means a tendency to suggest decision on an improper basis or divert the jury's attention away from its duty of weighing the evidence impartially." *Commonwealth v. Wright,* 599 Pa. 270, 325, 961 A.2d 119, 151 (2008). "The function of the trial court is to balance the alleged prejudicial effect of the evidence against its probative value and it is not for an appellate court to usurp that function." *Commonwealth v. Parker,* 882 A.2d 488, 492 (Pa.Super.2005), *aff'd on other grounds,* 591 Pa. 526, 919 A.2d 943 (2007).

██ As discussed previously, a defendant-physician may testify as to his own experience, which is what Dr. Yates did in testifying to his past use of Gold Bond powder on the post-operative wounds of other patients. This testimony was relevant to the issue of whether the use of Gold Bond powder led to Lykes's injuries. Furthermore, we do not find that Dr. Yates's testimony posed a significant danger of causing the jury to decide the case on an improper basis. Therefore, we conclude that the trial court did not abuse its discretion in overruling this Motion *in Limine.*

██ The fourth and final issue on appeal relates to Lykes' Motion *in Limine* to preclude reference by Dr. Yates and his experts as to what caused Lykes' foreign body granulomas. The jury did not deliberate on the issue of causation. The jury found that Dr. Yates was not negligent in response to Question 1 on the verdict slip reading, "Do you find that the Defendant, James A. Yates, M.D. was negligent?" Verdict Slip, 07/21/11. The instructions indicated that if the answer to Question 1 was "not negligent," then no further questions should be answered. *See id.* The jury did not deliberate on causation or damages, and thus, any erroneous evidentiary ruling on the testimony relating to what caused Lykes' foreign body granulomas did not affect the verdict. A new trial will not be granted.

Judgment affirmed. Jurisdiction relinquished.

COLVILLE, J., concurs in the result.