J. A10009/17

2017 PA Super 187

LENORA PARTLOW, ADMINISTRATIX : IN THE SUPERIOR COURT OF
OF THE ESTATE OF CALVIN WILSON, JR., : PENNSYLVANIA
:
               Appellee : 
:
        v. :
:
KAHLILE GRAY, :
:
               Appellant : No. 2560 EDA 2016

Appeal from the Judgment Entered July 12, 2016
In the Court of Common Pleas of Philadelphia County
Civil Division at No.: June Term, 2013, No. 0678

BEFORE: DUBOW, J., SOLANO, J., and FORD ELLIOTT, P.J.E.

OPINION BY DUBOW, J.: **FILED JUNE 15, 2017**

Kahlile Gray ("Appellant") appeals from the July 12, 2016 Judgment entered by the Philadelphia County Court of Common Pleas following a jury trial. We affirm.

The relevant facts, as gleaned from the trial court's September 15, 2016 Opinion and the certified record, are as follows. On April 4, 2013, Decedent, Calvin Wilson, Jr., and his friend had been riding their motorcycles throughout Philadelphia. Decedent had recorded their ride with a Go Pro video camera, which Decedent mounted on his motorcycle, and the recording showed, *inter alia*, that in the half-mile before the accident, Decedent had performed three wheelies. Appellant was driving in the

opposite direction in a Dodge Durango, and both lanes of travel had green lights. Decedent was not speeding.

Appellant attempted to make a left-hand turn through Decedent's lane of travel. Appellant hit Decedent's motorcycle and killed Decedent. A police officer observed Appellant's bloodshot and watery eyes after the accident, as well as Appellant's lethargic behavior. Appellant denied consuming alcohol at any point that day. Two hours after the accident, Appellant's blood alcohol content ("BAC") was 0.073. Appellee's expert opined that Appellant's BAC two hours after the accident indicated his BAC was .104% at the time of the accident.

Lenora Partlow, the Administratrix of the Estate of Calvin Wilson, Jr. ("Appellee"), filed a Writ of Summons on June 15, 2013, and a Complaint on January 7, 2014, asserting a survival action and a wrongful death action.

The trial court heard several Motions *in Limine* prior to trial regarding, *inter alia*, the admissibility of the Go Pro video recording, the evidence of Appellant's alcohol consumption and intoxication, and expert testimony based on the evidence of Appellant's alcohol consumption and intoxication. The trial court admitted evidence of Appellant's alcohol consumption and intoxication, as well as limited portions of the Go Pro video recording.

Following a jury trial from February 5, 2016 to February 11, 2016, at which Appellant conceded liability but claimed that Decedent had been comparatively negligent, the jury returned a verdict in favor of Appellee for

$3.1 million.[1]  The jury awarded $1,850,000 for net loss earning capacity for the survival action and $1,250,000 for the wrongful death action.

Appellant filed Post-Trial Motions, which the trial court denied on July 12, 2016.  The same day, the trial court entered Judgment in favor of Appellee for $3.1 million.

Appellant filed a timely Notice of Appeal.  Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following four issues for our review:

[1.] Whether the [t]rial [court] abused its discretion in allowing the admission of alleged intoxication when it was clearly not relevant and, to the extent it was relevant on the negligence issues, its probative value was far outweighed by the prejudice to [Appellant], especially when the [c]ourt initially denied [Appellant's] Motion for Partial Summary Judgment on the punitive damages claim but later granted [Appellant's] Motion for Compulsory Nonsuit on the issue of punitive damages?

[2.] Whether the [t]rial [c]ourt abused its discretion in allowing evidence of alleged intoxication and/or alcohol use by [Appellant], including but not limited to testimony from [Appellee's] toxicology expert witness, when there was insufficient and inadequate corroborating evidence?

3. Whether [t]he [t]rial [c]ourt abused its discretion in excluding extremely relevant portions of the Go Pro video preceding the subject crash, which demonstrated that decedent Calvin Wilson, Jr. was driving negligently and carelessly?

4. Whether the [t]rial [c]ourt abused its discretion in redacting portions of [Appellant's] accident reconstructionist expert report and as a result precluded the testimony on the redacted matters?

---

[1] The jury concluded Decedent was not comparatively negligent.  **See** Verdict Sheet, dated 2/11/16, R.R. at 1504a-1505a.

Appellant's Brief at 4-5 (reordered).

Each of Appellant's four issues challenges the trial court's evidentiary rulings at trial. We review a trial court's evidentiary rulings for abuse of discretion. ***Lykes v. Yates***, 77 A.3d 27, 30-31 (Pa. Super. 2013). "[W]here the evidentiary ruling turns on a question of law our review is plenary." ***Id.*** at 31.

### Evidence of Appellant's Unfitness to Drive

In his first two issues, Appellant challenges the admission of evidence of Appellant's intoxication and unfitness to drive. We will address these issues together.

Our standard and scope of review are as follows:

> Questions regarding the admissibility or exclusion of evidence are also subject to the abuse of discretion standard of review. Pennsylvania trial judges enjoy broad discretion regarding the admissibility of potentially misleading and confusing evidence. Relevance is a threshold consideration in determining the admissibility of evidence. A trial court may, however, properly exclude evidence if its probative value is substantially outweighed by the danger of unfair prejudice. Generally, for the purposes of this evidentiary rule, "prejudice" means an undue tendency to suggest a decision on an improper basis. The erroneous admission of harmful or prejudicial evidence constitutes reversible error.

***Rohe v. Vinson***, ___ A.3d ___, 2016 PA Super 305, *5 (Pa. Super. filed December 28, 2016) (citation omitted). ***See also*** Pa.R.E. 401-403; Daniel J. Anders, Ohlbaum on the Pennsylvania Rules of Evidence § 401.06 *et seq.*, § 403.06 *et seq.* (2017 ed. LexisNexis Matthew Bender).

When a driver's reckless or careless driving is at issue, evidence of that driver's intoxication and unfitness to drive is relevant, and a trial court does not err in permitting such evidence provided it is adequately corroborated. **Rohe**, **supra** at *6. However, a trial court may not admit evidence of a driver's consumption of alcohol to prove intoxication, without more, because it is unfairly prejudicial. **Id**. Similarly, a driver's BAC test results "alone may not be admitted for the purpose of proving intoxication [and unfitness to drive]." **Id.**

In order to admit intoxication evidence to prove unfitness to drive, our case law requires sufficient corroboration demonstrating more than the "mere hint" of intoxication. **Id.** If the evidence is tenuous and only proves a "mere hint" of intoxication, that evidence is too prejudicial and inadmissible.

Relevant corroborating evidence of intoxication and unfitness to drive can include the consumption of alcohol prior to the accident, a driver's BAC test results, expert testimony interpreting those results, and testimony about the driver's physical condition shortly after the accident. Common observations of the driver's physical condition corroborating other evidence of intoxication have included "staggering, stumbling, aimless wandering, glassy eyes or incoherent mumbling[,]" but this list is not exhaustive. **Id**.

In the instant case, Appellee offered, and the trial court admitted, the following evidence to prove Appellant's unfitness to drive: (1) evidence of

Appellant's physical condition shortly after the accident; (2) evidence of Appellant's BAC; and (3) expert testimony regarding Appellant's BAC result with respect to his unfitness to drive. Based on our review of the certified record, we conclude that the trial court properly admitted this evidence together to prove Appellant's unfitness to drive.

First, Appellee presented evidence of Appellant's physical condition right after the accident. Philadelphia Police Officer Gary Harrison, who had had 26 years of experience as a police officer and had worked in the Accident Investigation Division since 2002, testified that he spoke with Appellant at the scene of the accident and observed that Appellant "had bloodshot, watery eyes. He appeared lethargic." N.T. Trial, 2/4/16, at 26. Officer Harrison testified further that, based on his training, experience, and observations, Appellant appeared to be intoxicated. *Id.* at 28. Officer Harrison documented his observations in his report. *Id.* at 25-26.

Next, Appellee presented relevant evidence pertaining to Appellant's BAC at the time of and two hours after the accident. Laboratory results showed that Appellant's BAC two hours after the accident was below the legal limit in Pennsylvania,[2] but Appellee provided expert testimony from Dr. Gary Lage that Appellant's BAC at the time of the accident was .104%. Dr. Lage further testified regarding Appellant's unfitness to drive by providing

_____

[2] *See* 75 Pa.C.S. § 3802(a)(2). On September 30, 2013, the legislature lowered the legal limit from 0.10% to 0.08%. *Rohe*, *supra* at *6 n.5.

the following testimony pertaining to the general effects of different degrees of intoxication:

> So at lower blood alcohol level, .05 or below, you begin to see a loss of inhibition, loss of judgment. Those are the first things that occur. As you go up to the .05 to .10 level, you begin to see sedation, more impaired judgment, lack of attention, beginning to lose coordination. All of those things occur. You also see effects on vision. Your night vision is impaired. Your peripheral vision is impaired, and your depth perception is impaired, and your reaction times are impaired, which is why the state set a legal limit for alcohol because the loss of coordination, the loss of impaired reaction times are all more likely to lead to accidents than a normal individual.

N.T. Trial, 2/9/16, at 130.

Dr. Lage opined that Appellant "was impaired at the time of the crash, including as I said delayed reaction times, vision, sedation, all of those things, and that he was intoxicated by alcohol at the time of the crash." *Id.* at 133.

The above evidence taken together provides substantial corroborating evidence of Appellant's intoxication and unfitness to drive. Even though our case law provides that some of this evidence could be considered inadmissible if it had been admitted in isolation, that is not what happened here. The totality of the corroborating evidence showed more than the mere hint of Appellant's intoxication. Thus, the trial court properly admitted this evidence.

Appellant's reliance on this Court's recent decision in **Rohe**, **supra**, is misplaced. In **Rohe**, this Court reversed a trial court's decision to admit

BAC results under the legal limit offered to prove plaintiff's intoxication and unfitness to drive in a civil negligence action following a motor vehicle accident. *Id.* Although the defendants supported this BAC evidence with an expert's relation-back testimony and plaintiff's admission that he had been drinking, this Court concluded it was prejudicial error to admit this evidence at trial since there were no observations of plaintiff exhibiting classic signs of intoxication. *Id.* Moreover, the *Rohe* Court assailed the expert's opinion evidence because it misstated facts of record. For these reasons, the Superior Court found that the evidence was inadmissible. *Id.*

Here, Appellee presented not only the BAC evidence supported by expert testimony, but also Officer Harrison's observations of Appellant's physical condition shortly after the accident. Pursuant to this Court's holdings, this ample evidence of Appellant's unfitness to drive sets this case apart from the evidence admitted in *Rohe*.[3]

Insofar as Appellant contends the trial court erred in admitting the intoxication evidence despite dismissing the punitive damages claim pursuant to Appellant's Motion for Compulsory Nonsuit, we discern no abuse of the trial court's discretion regarding this evidentiary issue. This intoxication evidence remained relevant and admissible regarding the

---

[3] Moreover, unlike in *Rohe*, Appellant has not directed our attention to any deficiencies in the expert's report or his opinion at trial that would disqualify the expert's opinion from consideration as admissible evidence.

comparative negligence issues and Appellant's unfitness to drive. The trial court properly evaluated the probative value of this evidence in light of the potential for unfair prejudice.

In light of the foregoing, the trial court properly admitted the evidence of Appellant's intoxication and unfitness to drive at trial. We discern no abuse of discretion or error of law.

### Go Pro Video Recording

In his final two issues, Appellant challenges the trial court's evidentiary rulings regarding a lengthy Go Pro video recording of Decedent purportedly driving aggressively and carelessly throughout Philadelphia prior to the accident, and the preclusion of portions of an expert's report relying on those portions of the video recording. We will address these issues together as they are related.

The admission of authenticated videotape evidence "is within the sound discretion of the trial court[.]" *Commonwealth v. McKellick*, 24 A.3d 982, 986 (Pa. Super. 2011). "[T]his Court will find the trial court abused its discretion only where it is revealed in the record that the court did not apply the law in reaching its judgment or exercised manifestly unreasonable judgment or judgment that is the result of partiality, prejudice, bias, or ill will." *Id.* *See also* Daniel J. Anders, Ohlbaum on the Pennsylvania Rules of Evidence § 403.06 *et seq.*, § 901.08[5][e] (2017 ed. LexisNexis Matthew Bender).

The Go Pro video recording totaled 40 minutes of footage, and the trial court permitted the jury to see 17 minutes of the video. These 17 minutes sufficiently demonstrated Decedent's purportedly aggressive and careless driving shortly before the accident. The portion of the video that the trial court did not show occurred long before the accident and was not relevant to whether Decedent was comparatively negligent at the moment he collided with Appellant.

Additionally, the earlier portions of the video were cumulative. There was adequate evidence from which the jury could infer that Decedent was driving aggressively and erratically at the time of the accident, including three wheelies in the half-mile before the accident. The record supports the trial court's conclusions and we discern no abuse of discretion or error of law.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/15/2017