[J-9-2017] [MO: Todd, J.]

# IN THE SUPREME COURT OF PENNSYLVANIA
## EASTERN DISTRICT

| | | |
|---|---|---|
| ANN COUGHLIN, ADMINISTRATRIX OF THE ESTATE OF THOMAS COUGHLIN, DECEASED, | : | No. 32 EAP 2016 |
| | : | |
| | : | Appeal from the Judgment of Superior |
| | : | Court entered on 3/21/2016 at No. 3367 |
| Appellant | : | EDA 2014, affirming the Judgment |
| | : | entered on 1/26/2015 in the Court of |
| | : | Common Pleas, Civil Division, |
| v. | : | Philadelphia County at No. 355 July |
| | : | Term 2013 |
| | : | |
| UMMU MASSAQUOI, | : | ARGUED: March 7, 2017 |
| | : | |
| Appellee | : | |

## CONCURRING OPINION

**JUSTICE DONOHUE**                      **DECIDED: September 28, 2017**

I join in the narrow holding of the Majority Opinion that evidence of a party's blood alcohol level, when accompanied by explanatory expert testimony, is sufficient to establish intoxication. I write separately because I am concerned that the Majority's holding, which is not tethered to any discussion of the facts of this case, will be read too broadly as to the relevance of evidence of intoxication.

In the case before us, the decedent was crossing a four-lane street, Castor Avenue, in Philadelphia. He was not crossing at an intersection nor in a crosswalk. It was nighttime, the area was dimly lit and the decedent was wearing dark clothing. Massaquoi, the driver, testified that she never saw the decedent before she struck him with the driver's side fender of her vehicle. She was travelling southbound in the left lane indicating that the contact between her vehicle and the decedent occurred near the

middle of the roadway.[1]  As noted by the Majority, evidence is relevant and therefore admissible if it "logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable, or supports a reasonable inference or presumption regarding a material fact."  Majority Op. at 7 (citing *Commonwealth v. Jordan*, 65 A.3d 318, 324 (Pa. 2013)).  The evidence of record, as recited, clearly placed the decedent's comparative negligence at issue.[2]

---

[1]  An accident reconstructionist offered by the decedent's estate testified that fifteen feet of skid marks prior to the point of impact indicated that Massaquoi saw the decedent before the vehicle struck him.  Thus, although there were no eyewitnesses, the parties developed a full record for the jury's consideration.  I take exception to the Majority's point that the absence of eyewitnesses, in some sense, justified the admission of evidence of the decedent's intoxication.  *See* Majority Op. at 17.

[2]  As to the decedent's potential comparative negligence, the jury was charged as follows:

> … Members of the jury, I charge you that the mere happening of an accident is not evidence of negligence.
>
> It is also the law in Pennsylvania that no pedestrian shall suddenly leave the curb or other place of safety and walk or run into the path of a vehicle which is so close as to constitute a hazard.
>
> It is further the law in this Commonwealth that every pedestrian crossing a roadway at any point other than within a crosswalk at an intersection or any marked crosswalk shall yield the right-of-way to all vehicles upon the roadway.
>
> It is also the law in this Commonwealth that an individual shall not cross between adjacent intersections in urban districts at which traffic control signals are in operation. Pedestrians shall not cross at any place except in a marked crosswalk.
>
> Finally, it further the law in this Commonwealth that a pedestrian who is under the influence of alcohol or any controlled substance to a degree which renders that pedestrian a hazard should not walk or be upon a highway except on a sidewalk.

(continued…)

Under this circumstance, where the evidence raises the issue that a pedestrian's conduct was a cause of an accident, I agree that evidence of the pedestrian's intoxication is relevant to the issue of his or her comparative negligence and is therefore admissible. All of the cases decided by the Superior Court, in which it found that the **type and quantum** of evidence to establish the fact of intoxication was sufficient, involved fact situations in which the proponent of the evidence of intoxication produced evidence tending to establish that the conduct of the other party placed his or her comparative negligence at issue. *See Partlow v. Gray*, 165 A.3d 1013, 1017-18 (Pa. Super. Jun. 15, 2017) (motorcyclist turned into oncoming traffic and was driving unsafely in the half-mile before the accident); *Surowiec v. General Motors Corp.*, 672 A.2d 333, 336-37 (Pa. Super. 1996) (car lurched forward and backward suddenly while driver was parallel parking); *Gallagher v. Ing*, 532 A.2d 1179, 1182-83 (Pa. Super. 1987) (defendant driving at excessive speeds on a dark, winding and hilly road); *Ackerman v. Delcomico*, 486 A.2d 410, 413-14 (Pa. Super. 1984) (pedestrian crossed at an intersection initially with the traffic light, but at mid-intersection and against the light he observed defendant's car approaching and continued to walk); *Cusatis v. Reichert*, 406 A.2d 787, 788 (Pa. Super. 1979) (defendant's vehicle struck plaintiff's vehicle mid-intersection while plaintiff was making lawful left turn); *see also Braun v.*

---

(…continued)

> Voluntary intoxication does not justify a failure to exercise due care. The degree of care required in a person who becomes intoxicated does not differ from that required of a sober person. It is well-settled that an intoxicated person who fails to exercise proper care and caution is guilty of negligence if such negligence contributes to the accident.

N.T., 8/5/2014, at 103-05.

*Target Corp.*, 983 A.2d 752, 762 (Pa. Super. 2009) (construction worker who was injured in a fall failed to utilize safety equipment and unnecessarily walked onto an eight inch wide steel beam eighteen feet off the ground).

In my view, the predicate understanding of what makes evidence of intoxication relevant and therefore admissible is critical. The state of intoxication is not conduct. Therefore, even competent evidence that a pedestrian was intoxicated is not always relevant. For example, if, in broad daylight, a pedestrian is crossing a street at an intersection with the directional light in his favor, and while so proceeding he is struck by a vehicle, the pedestrian's level of intoxication, if any, is irrelevant. No conduct on the part of this pedestrian placed his negligence at issue, and thus evidence of his intoxication would not tend to establish a material fact in the case, tend to make a fact at issue more or less probable, nor support a reasonable inference or presumption regarding a material fact. To make evidence of intoxication relevant, there must be circumstances of the incident that implicate the pedestrian's conduct as a cause of the accident. Notably, here the trial court properly instructed the jury, "It is well-settled that an intoxicated person who fails to exercise proper care and caution is guilty of negligence if such negligence contributes to the accident." *See supra,* note 2.

While, in my view, the relevance of evidence of intoxication in a civil case generally requires supporting proof that the actor was causatively negligent, as to pedestrians, this relevancy analysis is reflected in the public policy considerations embodied in the legislature's enactment of 75 Pa.C.S. § 3550, which states: "A pedestrian who is under the influence of alcohol or a controlled substance to a degree which renders the pedestrian **a hazard** shall not walk or be upon a highway except on a

sidewalk." 75 Pa.C.S. § 3550 (emphasis added). Walking across a street while intoxicated does not violate any societal norm. Critical to the formulation of the criminalization of crossing a street while intoxicated is that the pedestrian is rendered a hazard. In a complimentary fashion, in the context of a civil lawsuit, evidence of the pedestrian's negligent conduct in causing an accident, i.e., that he created a hazard, is necessary to make the admission of evidence of intoxication relevant and admissible.

Because, in the case before us, the decedent's conduct, as evidenced by the circumstances of the accident, placed the decedent's comparative negligence at issue, I agree that the evidence of intoxication was relevant and admissible and that evidence of the blood alcohol level accompanied by explanatory expert testimony was sufficient to establish the decedent's intoxication.

Justice Baer joins this concurring opinion.