J-A22021-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MEGAN AND JORDAN SMITH, | : | IN THE SUPERIOR COURT |
| | : | OF PENNSYLVANIA |
| Appellees | : | |
| | : | |
| v. | : | |
| | : | |
| ERIC SCHAFF, M.D. AND | : | |
| ALLENTOWN WOMEN'S CENTER, | : | |
| INC., | : | |
| | : | |
| Appellants | : | No. 610 EDA 2019 |

Appeal from the Order Dated January 18, 2018
in the Court of Common Pleas of Northampton County
Civil Division at No(s):  No. C48-CV-2016-11135

BEFORE:   MURRAY, J., STRASSBURGER, J.* and PELLEGRINI, J.*

MEMORANDUM BY STRASSBURGER, J.:            **FILED OCTOBER 18, 2019**

Eric Schaff, M.D. and Allentown Women's Center, Inc. (AWC) (collectively, Appellants) appeal from an order denying a motion for protective order and requiring the disclosure of certain medical information and reports, which they contend are privileged and confidential.[1]  Upon review, we reverse

---

[1] As discussed *infra*, Appellants asserted claims of privilege and confidentiality in their motion for protective order. "[I]n general, discovery orders are not final, and are therefore unappealable. However, discovery orders involving privileged material are nevertheless appealable as collateral to the principal action pursuant to Pa.R.A.P. 313." **T.M. v. Elwyn, Inc.**, 950 A.2d 1050, 1056 (Pa. Super. 2008) (internal citations and quotation marks omitted); **see also Buckman v. Verazin**, 54 A.3d 956, 959 (Pa. Super. 2012) (holding order compelling discovery of a confidential non-party medical information satisfied the elements of being a collateral order because "once disclosed, the confidentiality attaching to this information is lost").

\* Retired Senior Judge assigned to the Superior Court.

in part, vacate in part, and remand for proceedings consistent with this memorandum.

The trial court provided the following background.

> This medical professional liability action began with [Appellees,] Megan and Jordan Smith [(the Smiths)], filing a complaint against [Appellants], on December 23, 2016. [The Smiths] allege that, on March 21, 2015, the negligence of [Appellants] caused perforations to Megan Smith's uterus during an abortion procedure. [The Smiths] claim that, as a result of these perforations, Megan Smith suffered a uterine hemorrhage on April 8, 2015, which required an emergency hysterectomy at Lehigh Valley Hospital [(LVH)].
>
> A few days later, AWC notified Megan Smith that a serious event report was made by AWC regarding the emergency surgery at LVH. Specifically, the nursing director at AWC sent the following letter dated April 14, 2015:
>
>> Dear Megan[,]
>>
>> Please be informed that, in compliance MCARE Act, a report of a serious event has been made by [AWC] to the Pennsylvania Department of Health and the Patient Safety Authority *in regard to the clinical care that you received at [LVH] on 4/8/15*. This report does not contain any information that could identify you.
>
> [The Smiths' Brief in Opposition to Appellants' Motion, 10/19/2018, at 4, Exhibit B (emphasis added)].
>
> On June 28, 2018, [the Smiths] sent to [Appellants'] counsel discovery requests, one of which requested the production of the serious event reports made by AWC.

Trial Court Opinion, 3/18/2019, at 1-2.

Relevant to this appeal, the Smiths requested the following item(s): "Please supply all reports of all serious events [AWC] made to the

Pennsylvania Department of Health and the Patient Safety Authority between January 1, 2014, and December 31, 2016. Any patient identity information contained in these documents may be redacted, with or without the production of a 'privilege log.'" The Smiths' Supplemental Request for Production of Documents, at ¶ 4.

In response to this request, on August 17, 2018, Appellants filed a motion for protective order. Appellants asserted that "serious event reports" are "expressly precluded from discovery under the MCARE Act's Patient Safety provisions. *See* 40 P.S. § 1303.311(a)." Motion for Protective Order, 8/17/2018, at ¶¶ 6(a), 21-28. Appellants also sought protection pursuant to the Peer Review Protection Act (PRPA), 63 P.S. §§ 425.1-425.4. *Id*. at ¶ 19. In addition, Appellants asserted that "the burdens associated with responding to [the Smiths'] broad request far outweigh any marginal relevance." Brief in Support of Motion for Protective Order, 9/18/2018, at 7. Furthermore, Appellants requested that the trial court undertake *in camera* review of the documents pursuant to *Yocabet v. UPMC Prebyterian*, 119 A.3d 1012 (Pa. Super. 2015). *Id*. at 14. The trial court held oral argument on the motion.[2] Following argument, the trial court ordered the Smiths to file a responsive brief and scheduled an additional oral argument.[3]

---

[2] Although Appellants requested the transcript of this oral argument in their notice of appeal, it is not included in the certified record.

[3] It is not clear from the record whether this oral argument was held.

On October 19, 2018, the Smiths filed a response arguing that the trial court should deny Appellants' motion for protective order for several reasons. First, they argued that their claim for punitive damages permitted this discovery. They also claimed that the contentions set forth by Appellants in support of their motion for protective order were not specific enough to warrant the relief requested. The Smiths further argued that neither the MCARE Act nor the PRPA precludes production of this discovery. On January 18, 2019, the trial court denied Appellants' motion for protective order, which meant that Appellants were required to disclose to the Smiths all serious event reports from AWC for a three-year period.

On February 19, 2019, Appellants timely filed a notice of appeal.[4] The trial court did not order Appellants to file a concise statement of errors

_____

[4] Also on February 19, 2019, Appellants filed a motion for reconsideration of the trial court's denial of the protective order, or in the alternative, a certification for immediate interlocutory appeal pursuant to 42 Pa.C.S. § 702(b) (governing interlocutory appeals by permission). In their motion for reconsideration, Appellants requested the trial court conduct *in camera* review to determine which documents should be protected. Motion for Reconsideration, 2/19/2019, at 3-4. In support of their motion, Appellants attached as Exhibit E, a "redacted copy of the Serious Event Report, pertaining to [Megan Smith], which demonstrates that this Report was submitted to the Pennsylvania Department of Health and/or Patient Safety Authority, through the established 'Patient Safety Reporting System.'" *Id*. at 9. Appellants also attached a privilege log which "identified meeting minutes of [AWC's] internal 'Medical Advisory Committee,' 'Quality Assurance Committee and Improvement Committee,' and 'Patient Safety Authority,' which referenced [Megan Smith]." *Id*. at 10.

complained of on appeal, but the trial court did file an opinion pursuant to Pa.R.A.P. 1925(a).

On appeal, Appellants set forth three issues for our review, which we have reordered for ease of disposition.

> I. Whether the trial court erred and abused its discretion when it denied Appellants' request for a protective order, and ordered Appellants to produce reports of [s]erious [e]vents pertaining to – and clearly implicating the privacy rights of – unrepresented, non-party patients, where such information is confidential, privileged, and beyond the scope of discovery under Pennsylvania law, including this Court's decision in **Buckman**[, **supra**]?
>
> II. Whether the trial court erred and abused its discretion when it denied Appellants' request for a protective order, and ordered Appellants to produce all reports of [s]erious [e]vents made to the Pennsylvania Department of Health and Patient Safety Authority from January 1, 2014 to December 31, 2016, where the requested information is privileged, and expressly precluded from discovery, under Chapter 3 of the MCARE Act and the [PRPA]?
>
> III. Whether the trial court erred or abused its discretion when it denied Appellants' request for a protective order, and ordered Appellants to produce all reports of [s]erious [e]vents requested by [the Smiths], before conducting [] *in camera* review to evaluate claims of privilege as required under Pennsylvania law, including this Court's decisions in **Yocabet**[, **supra**,]and related cases?

Appellants' Brief at 8-9.

---

On March 18, 2019, the trial court denied the motion for reconsideration, as well as Appellants' request for permission to appeal the interlocutory order. The trial court concluded that "[i]n their original motion for a protective order, [Appellants] failed to aver, let alone prove," the elements required under the MCARE Act. Trial Court Opinion, 3/18/2019, at 4. In addition, the trial court concluded that these documents were not protected by the PRPA because they concerned care "Megan Smith received at LVH, not the care she received at AWC." **Id**.

We begin with Appellant's claim that the trial court erred in ordering the production of all serious event reports submitted by AWC for a three-year period. Appellants' Brief at 38-42. According to Appellants, these documents are confidential, "contain[] sensitive medical information about reproductive care, [and] clearly implicate the privacy rights of unrepresented, non-party patients." *Id*. at 38. Thus, Appellants argue the trial court erred in ordering their production. The Smiths do not respond to this argument; rather, they contend that the information requested from AWC is relevant not just to their negligence claim, but also to their punitive damages claim related to the care Mrs. Smith received at AWC after the procedure performed by Dr. Schaff. The Smiths' Brief at 16.

"Generally, in reviewing the propriety of a discovery order, our standard of review is whether the trial court committed an abuse of discretion. However, to the extent that we are faced with questions of law, our scope of review is plenary." *Gallo v. Conemaugh Health Sys., Inc.*, 114 A.3d 855, 860 (Pa. Super. 2015).

In support of their claim, Appellants rely upon this Court's opinion in *Buckman*, *supra*. That case involved a medical-malpractice action where Mrs. Buckman asserted that Dr. Gary Verazin negligently performed her sigmoid colectomy and colostomy. During discovery, Mrs. Buckman requested from the hospital defendant "medical records of all sigmoid colectomy and/or anterior resection procedures conducted by Dr. Verazin in the five (5) years

prior to the" date of Mrs. Buckman's surgery. **Buckman**, 54 A.3d at 958. The trial court granted the Buckman's motion to compel that discovery and Dr. Verazin and the hospital defendants (the Defendants) appealed. Upon review, this Court concluded the trial court erred in granting Mrs. Buckman's motion to compel because "[t]he information relating to third parties that have not given their consent is confidential and is not relevant to the instant negligence claim in that actions taken by Dr. Verazin when operating on other patients is not probative of what his actions were when caring for Ms. Buckman." **Id**. at 964.

Based on the foregoing, it is clear the trial court erred by not taking into account the privacy and confidentiality of medical information related to non-parties in this case. The trial court did not address these concerns in any respect in its opinion, despite the fact that Appellants raised this issue in the trial court. **See** Motion for Protective Order, 8/17/2018, at 12-13; Brief in Support of Motion for Protective Order, 9/18/2018, at 9. Having concluded that the trial court should have taken these issues into account, we now consider whether this error requires that we reverse the trial court's order denying Appellant's motion for protective order.

"[I]n Pennsylvania, there is a well-established balancing test that must be satisfied in order to disclose an individual's medical information without permission[.]" **Lykes v. Yates**, 77 A.3d 27, 31 (Pa. Super. 2013).

> [W]e must engage in the delicate task of weighing competing interests. The factors which should be considered in

deciding whether an intrusion into an individual's privacy is justified are the type of record requested, the information it does or might contain, the potential for harm in any subsequent nonconsensual disclosure, the injury for disclosure to the relationship in which the record was generated, the adequacy of safeguards to prevent unauthorized disclosure, the degree of need for access, and whether there is an express statutory mandate, articulated public policy, or other recognizable public interest militating toward access.

*Buckman*, 54 A.3d at 961 (quoting *Stenger v. Lehigh Valley Hosp. Center*, 609 A.2d 796 (Pa. 1992)).

In considering whether the Smiths should have access to this information, we first point out that they have articulated no specific need for it. According to the Smiths, they have asserted a negligence claim against Appellants for their conduct in March and April 2015. *See* The Smith's Brief in Opposition to Motion for Protective Order, 10/19/2018, at 5. The Smiths go on to assert that Appellants' conduct in caring for Megan Smith was so reckless as to give rise to their claim for punitive damages. *Id*. at 7. The Smiths primarily focus their argument on their need for information about Megan Smith's medical condition, not about why they need three years worth of medical information related to other patients at AWC. *Id*. Based on the foregoing, we conclude that the Smiths have utterly failed to satisfy us that they indeed need the information they requested. Moreover, the information requested is undoubtedly sensitive medical information. We see no reason that such private information should be disclosed when the Smiths have articulated no compelling reason for needing it. Accordingly, we conclude the

trial court erred in denying Appellants' motion for protective order with respect to the three years worth of serious event reports from AWC.

We now consider the other document subsumed within the Smiths' discovery request.  The Smiths' requested the serious event report related to Megan Smith's care at AWC (Smith Report).  Megan Smith is a party to this action, and therefore clearly has consented to the disclosure of her private medical information.  Moreover, the Smith Report is clearly relevant to this matter.  However, it is Appellants' contention that the Smith Report is precluded from discovery pursuant to the MCARE Act and the PRPA.

In considering this issue, we point out that Appellants have already disclosed a very redacted version of the Smith Report in their motion for reconsideration. **See** Motion for Reconsideration, 2/19/2019, at Exhibit E. However, Appellants continue to assert privileges pursuant to the MCARE Act and the PRPA with respect to the Smith Report.[5]  On appeal, it is the Smiths' contention that the Smith Report "is redacted to the point of irrelevancy," and that the privileges asserted do not apply. The Smiths' Brief at 11.

We decline to consider this issue in the first instance.  Here, Appellants filed both a notice of appeal and motion requesting the trial court certify this order for interlocutory appeal.  This dual path is appropriate in these

---

[5] Appellants also attached exhibits relating to the system through which this report was prepared and a privilege log explaining that the serious event report is privileged under the MCARE Act. **See** Motion for Reconsideration, 2/19/2019, at Exhibits C, D.

circumstances. *See* 20 West's Pennsylvania Practice § 313:3 ("To the extent that it is not clear that a particular order is appealable as a matter of right as a collateral order, counsel has the choice of filing a notice of appeal (or a petition for review) on the assumption that it is a collateral order, or pursuing an interlocutory appeal by permission, on the assumption that the requirements of a collateral order will not be found, or both. Although pursuit of both routes likely will cause confusion and consume unnecessary lawyer and court time, it may be the only way to protect the right to an immediate appeal."). However, it is clear that more information is now available to the trial court, and the trial court abused its discretion by not determining in the first instance whether Appellants have appropriately asserted a privilege related to the MCARE Act or PRPA. It was the trial court's position

> that in Appellants' original motion for a protective order, [Appellants] failed to aver, let alone prove, [they have satisfied the requirements of the MCARE Act[6]]. For example, [Appellants'] original motion is remiss of any averment that the serious event report was made at the request of AWC's patient safety committee. Without such proof, [Appellants] did not sustain their burden, and [the trial court] could not enter a protective order.

---

[6] According to the trial court,

> [t]he specific language of the MCARE Act required [Appellants], when seeking their protective order, to provide that these serious event reports (1) were solely created in order to comply with reporting requirements, (2) arose from a matter reviewed by a patient safety committee, and (3) were not otherwise available from an original source. 40 P.S. § 1303.311(a).

Trial Court Opinion, 3/18/2019, at 3.

- 10 -

Trial Court Opinion, 3/18/2019, at 4.

Appellants subsequently provided additional information, including a privilege log specifically setting forth the privilege, as well as additional information about the report and reporting system. "[T]he trial court is in the best position to weigh fairly the competing needs and interests of parties affected by discovery." **Stenger**, 554 A.2d at 960 (quoting **Seattle Times Co. v. Rhinehart**, 467 U.S. 20, 33 (1984)). Thus, we vacate the portion of the order denying the motion for protective order regarding the Smith Report and remand for the trial court to take any actions it deems appropriate to make this determination in the first instance.

Order reversed in part and vacated in part. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/18/19

- 11 -