J-A23003-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JOHN YOCHIM, AS THE ADMINISTRATOR OF THE ESTATE OF: VICTOR YOCHIM | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : : : | |
| v. | : : | |
| | : | No. 325 EDA 2020 |
| PRAFULKUMAR A. PATEL AND MURRAY RESNICH | : : : | |

Appeal from the Judgment Entered January 9, 2020
in the Court of Common Pleas of Philadelphia County,
Civil Division at No(s):  No. 160503157.

BEFORE:   KUNSELMAN, J., NICHOLS, J., and PELLEGRINI, J.*

MEMORANDUM BY KUNSELMAN, J.:               **FILED: DECEMBER 29, 2020**

John Yochim, Administrator of his father Victor Yochim's ("Mr. Yochim") Estate, appeals from a judgment awarding the Estate damages for medical bills that Mr. Yochim incurred following a car accident.  The Administrator raises ten appellate issues; nine warrant no relief.  However, counsel for a defendant, Prafulkumar Patel, confessed error – namely, the parties agreed to an amount of medical expenses that was larger than the jury awarded.  We therefore grant the Administrator judgment notwithstanding the verdict ("JNOV"), vacate the appealed-from judgment, and remand.

On the evening of December 8, 2014, Mr. Patel was attempting a left turn out of a shopping center, onto a four-lane road.  The first two lanes,

_____

* Retired Senior Judge assigned to the Superior Court.

heading to Mr. Patel's right, were bumper to bumper. Murray Resnick, inching forward in the tight traffic, stopped his vehicle to allow Mr. Patel to go in front of him and make the left turn. The two left-bound lanes flowed freely. Mr. Resnick waved Mr. Patel on.

Mr. Patel started his left turn into the left-bound lanes. He carelessly entered the path of Mr. Yochim, who, according to Mr. Patel, was speeding at 50 or 60 miles per hour. *See* Trial Court Opinion, 12/11/19, at 6. Mr. Yochim collided with Mr. Patel's vehicle. A four-car accident ensued. Mr. Yochim sued Mr. Patel and Mr. Resnick for negligence. While this lawsuit was pending, Mr. Yochim died from unrelated causes, and the Administrator was substituted as plaintiff. Prior to trial, the parties stipulated Mr. Yochim's medical bills from the accident were $9,549.91. *See* N.T., 8/9/19, at 61.

The jury found Mr. Patel 75% negligent, Mr. Yochim 25% negligent, and Mr. Resnick 0% negligent. The jury awarded Mr. Yochim's medical expenses as $7,274.95 — $2,274.96 less than the stipulated amount. The trial court then reduced the verdict to $5,456.21 for comparative negligence and added $441.66 in delay damages. This brought the final judgment to $5,897.87.

The Administrator filed a post-trial motion for a new trial, which the trial court denied. This timely appeal followed.

The Administrator raises three main issues, each with numerous sub-issues. His main issues are general ideas, rather than specific claims of error. We therefore list and reorder the Administrator's sub-issues for clarity and ease of disposition. The sub-issues are:

1.   Whether the trial court erred by permitting Mr. Patel to testify regarding Mr. Yochim's speed.

2.   Whether the trial court erred by admitting evidence regarding Mr. Yochim's non-musculoskeletal medical condition.

3.   Whether the trial court erred by charging the jury on the affirmative defense of limited tort.

4.   Whether the trial court erred by refusing to charge the jury on the doctrine of sudden emergency.

5.   Whether the trial court erred by concluding that its decision to reduce the verdict by 25% was not against the weight of the evidence.

6.   Whether the jury's finding that Mr. Resnick was not negligent was against the weight of the evidence.

7.   Whether the jury's finding that Mr. Yochim was 25% at fault for the car accident was against the weight of the evidence.

8.   Whether the jury's finding that Mr. Yochim had no lost wages was against the weight of the evidence.

9.   Whether the trial court erred by failing to award Mr. Yochim a new trial in light of the cumulative effect of the above alleged errors.

10.  Whether the jury erred as a matter of law by ignoring the trial court's instruction not to adjust the damages for past medical expenses.

*See* Administrator's Brief at 6, 64, 68, 77, 80, 85, 87, 88, 91, 92, 94.

1.   The First Eight Sub-Issues

We begin with the first eight of the Administrator's sub-issues, which involved evidentiary matters, the trial court's jury instructions, and claims that the verdict was against the weight of the evidence.

As the Administrator observes at the outset of his brief, this Court reviews such claims for an "abuse of discretion." Administrator's Brief at 4-5 (citing *Czimmer v. Janssen Pharm, Inc.*, 122 A.3d 1043, 1051 (Pa. Super. 2015) (regarding the denial of a motion for a new trial); *Lykes v. Yates*, 77 A.3d 27, 20 (Pa. Super. 2013) (regarding evidentiary rulings); *Krepps v. Snyder*, 112 A.3d 1246, 1256 (Pa. Super. 2015) (regarding jury instructions); and *Ditz v. Marshall*, 393 A.2d 701, 703 (Pa. Super. 1978) (regarding weight-of-the-evidence claims)). Notably absent from the Administrator's brief is the definition of an abuse of discretion.

"An abuse of discretion is *not merely* an error of judgment. Rather, an abuse of discretion exists if the trial court renders a judgment that is manifestly unreasonable, arbitrary, or capricious; or if it fails to apply the law; or was motivated by partiality, prejudice, bias, or ill will." *Ambrogi v. Reber*, 932 A.2d 969, 974 (2007) (emphasis added).

In all of his appellate arguments, the Administrator argues to this Court as if we review such issues *de novo*. In other words, he asserts the trial court made errors of judgment and asks us to review these issues anew. The Administrator's misunderstanding of our deferential role in these matters manifests in the first 60 pages of his brief. There, he relates the entire case, procedural step by procedural step, as if we could rehear this matter from square one.

When the Administrator eventually makes an argument, he focuses on what he deems were "prejudicial, reversible errors" that the trial court made.

- 4 -

*E.g.*, Administrator's Brief at 64, 68. He claims the "trial court erred as matter of law in charging the jury." *Id.* at 77, 80. Or that "the verdict is so contrary to the evidence that it shocks one's sense of justice and a new trial is necessary . . . ." *Id.* 84. However, these are all arguments a party makes to the trial court in the first instance. They are not appropriate arguments to an appellate court under the abuse-of-discretion standard of review.

Instead, the Administrator needed to contend and explain to this Court how and where the trial court abused its discretion. The Administrator never claims (much less convinces us) that the trial court's evidentiary rulings, the jury charges, or determination that the verdict did not shock ***the trial court's*** sense of justice were "manifestly unreasonable, arbitrary, or capricious; [failed] to apply the law; or [were] motivated by partiality, prejudice, bias, or ill will." *Ambrogi*, *supra*. Essentially, the Administrator disagrees with the judgments of the trial court. He believes those judgments on evidence, the jury charge, and the weight of the evidence were erroneous. He wants us to substitute our judgment for that of the trial court on issues that are within the lower court's sound discretion. This we may not do.

A mere error in judgment — even one with which we disagree — does not constitute an abuse of discretion. *See id.* The Administrator's first eight arguments, which ask us to review discretionary judgments of the trial court *de novo*, fail to persuade us an abuse of discretion occurred. Therefore, we dismiss the Administrator's first eight sub-issues as warranting no appellate relief.

2. <u>Cumulative Effect of the Alleged Errors</u>

For his ninth sub-issue, the Administrator asserts that, if none of the trial court's alleged errors in judgment warrant a new trial individually, then their cumulative, prejudicial effect upon the proceedings do. Because the Administrator has not convinced us that any of his first eight issues warrant relief, their cumulative effect upon the trial cannot serve as a basis to award him a new trial. His cumulative-effect claim is meritless.

3. <u>The Medical Bills</u>

Finally, as his tenth sub-issue, the Administrator argues that the jury's verdict awarding him a fraction of Mr. Yochim's medical bills was against the weight of the evidence. **See** Administrator's Brief at 85-86. During oral argument, counsel for Mr. Patel conceded to the merits of this claim, because the parties stipulated that Mr. Yochim's medical bills were $9,549.91, but the jury only awarded $7,274.95.

The Administrator correctly observes that the record evidence does not support that lesser award. Nothing supports the jury's decision not to compensate the Administrator in full for Mr. Yochim's medical expenses. The parties stipulated to the amount, and the trial court could have awarded the Administrator a directed verdict on the amount of economic damages, had it been requested.

As such, there was no rational basis for the trial court to conclude the jury's unsupported award for medical-expenses did not shock its sense of justice. Not only was the award of $7,274.95 against the weight of the

evidence at trial, it flew in the face of the only evidence of record — *i.e.*, the parties' stipulation. Hence, the jury's reduced award was blatantly arbitrary and capricious. As such, the trial court's decision to sustain the unsubstantiated reduction was equally arbitrary and capricious. This was no "mere error in judgment," because a reasonable person, following the law and stipulated facts, could not possibly reach this result. ***Ambrogi***, ***supra***.

As such, we turn to the question of remedy. The Administrator contends he deserves a new trial. We disagree.

The parties stipulated to Mr. Yochim's medical bills. Thus, no issues of material fact remain in dispute; a retrial is pointless. Instead, we grant the Administrator a JNOV of $9,549.91 for medical expenses, which we reduce to $7,162.43.[1] We remand to the trial court to recalculate the delay damages.

Judgment and order denying post-trial relief vacated. Case remanded for the entry of an order granting the Administrator JNOV and delay damages consistent with this decision.

Jurisdiction relinquished.

---

[1] The $7,162.43 is 75% of the stipulated medical bills, which reflects the jury's finding that Mr. Yochim was 25% comparatively negligent.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/29/20